Helen BAKER, Individually and as Appellants the Personal Representative of the Estate of Robert Louis Baker, Deceased, and as Next Friend of Her Minor Children, Mitchell Robert Baker and Eloise Ellen Baker, and Suzanne Tomlinson, Individually and as Next Friend of Her Minor Child, Allisa Anne "Kate" Tomlinson, and Julia Kristen Laverack, Giles Kevin Laverack, Neville Murray Laverack, Individually and as the Personal Representatives of the Estate of Professor Michael Stuart Laverack, Deceased, as the Personal Representatives of the Estate of Maureen Ann Laverack, Deceased,

v.

BELL HELICOPTER TEXTRON, INC., General Motors Corporation and Air Cruisers Co., Appellees.

No. 2–97–290–CV

Court of Appeals of Texas, Fort Worth.

Jan. 28, 1999.

Rehearing Overruled March 25, 1999.

Shannon, Gracey, Ratliff & Miller, L.L.P., J. Wade Birdwell, Fort Worth, for appellant.

Howell, Dorman, Anderson, Berg & Smyer, L.L.P., Geffrey W. Anderson, Jackson Walker, L.L.P., Robert F. Ruckman, Payne & Blanchard, L.L.P., Kevin Cook, Dallas, for appellee.

Before: CAYCE, C.J.; DAY and RICHARDS, JJ.

## OPINION

DAVID L. RICHARDS, Justice.

### Introduction

The trial court dismissed appellants' claims based on the doctrine of forum non conveniens. Appellants are citizens and residents of Australia and Scotland. We are asked to

consider whether the trial court abused its discretion by failing to properly balance the requisite private and public interest factors as listed in Texas Civil Practices and Remedies Code section 71.051. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 71.051 (Vernon Supp. 1999). Because we hold the trial court did not abuse its discretion under the "interest of justice" standard, we affirm.

## Relevant Facts and Procedural History

On July 28, 1993, a helicopter owned and operated by an Australian company, crashed off the coast of Australia while conducting a charter flight to a nearby island. Aboard the helicopter were Robert Baker, the pilot, and three passengers, Suzanne Tomlinson, Maureen Laverack, and Michael Laverack. After experiencing a sudden jolt in the helicopter, the pilot attempted to ditch it into the ocean. However, the helicopter impacted the water at a high vertical deceleration, killing Baker and the Laveracks, and severely injuring Tomlinson.

As a result of the accident, the Baker and Laverack appellants sued appellees in Tarrant County under Texas' wrongful death act and survival statute, and appellant Tomlinson sued for her personal injuries (collectively, "appellants"). As the basis for their claims, appellants alleged that Bell negligently and defectively designed, manufactured, assembled, built, and inspected the helicopter; that General Motors and Detroit Diesel, a division of General Motors, negligently and defectively designed, manufactured, assembled, built, and inspected the helicopter's engine; that Air Cruisers defectively designed, manufactured, tested, and marketed the helicopter's flotation devices; and that each of these defendants breached express and implied warranties in that the helicopter and the respective systems for which they were responsible were not fit for the purpose for which they were designed, manufactured, tested, and marketed. The sole basis for venue in Tarrant County was that Bell Helicopter has its principal place of business in Hurst, Texas, which is located within Tarrant County. None of the plaintiffs are Texas or United States residents.

After receiving a copy of the petition, Bell removed the case to the Federal District Court for the Northern District of Texas, Fort Worth Division based on the Death on the High Seas Act ("DOHSA"). *See Baker v. Bell Helicopter/Textron, Inc.,* 907 F.Supp. 1007, 1009 (N.D.Tex.1995). Although the DOSHA applied to the wrongful death claims, that court determined removal jurisdiction was not proper because of Suzanne Tomlinson's individual claim and remanded the case back to state court. *See Baker,* 907 F.Supp. at 1010.

After remand, on September 25, 1996, appellees moved to dismiss all claims on the basis of forum non conveniens. The trial court granted the motion by general order. This appeal follows.

## The Doctrine of Forum Non Conveniens

■■■ The doctrine of forum non conveniens is an equitable doctrine exercised by courts to resist imposition of an inconvenient jurisdiction on a litigant, even if jurisdiction is proper. *See, e.g., In re Smith Barney,* 975 S.W.2d 593, 596 (Tex.1998) (orig.proceeding); *Direct Color Services, Inc. v. Eastman Kodak Co.,* 929 S.W.2d 558, 562 (Tex.App.—Tyler 1996, writ denied); *Sarieddine v. Moussa,* 820 S.W.2d 837, 839 (Tex.App.—Dallas 1991, writ denied). Although the Texas Supreme Court has neither enthusiastically embraced the doctrine of forum non conveniens, nor fully defined its application, it has acknowledged the existence of the doctrine as announced by the United States Supreme Court in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). *See Flaiz v. Moore,* 359 S.W.2d 872, 874 (Tex. 1962); *see also Direct Color Servs., Inc.,* 929 S.W.2d at 562. Texas recognizes the doctrine as a procedural rule that does not determine jurisdiction, but only determines that the jurisdiction that exists should not be exercised where another forum, also having jurisdiction, is better able to act. *See Direct Color Servs., Inc.,* 929 S.W.2d at 562; *McNutt v. Teledyne Indus., Inc.,* 693 S.W.2d 666, 668 (Tex.App.—Dallas 1985, writ dism'd).

## Statutory Interpretation

 The Texas Civil Practices and Remedies Code governs forum non conveniens in Texas.[1] The resolution of an issue of statutory construction must begin with an analysis of the statute. *See Cail v. Service Motors, Inc.*, 660 S.W.2d 814, 815 (Tex.1983). When a statute is clear and unambiguous, courts need not resort to rules of construction or extrinsic aids to construe it, but should give the statute its common meaning. *See St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex.1997). The Legislature's intent is determined from the plain and common meaning of the words used. *See id.* (citing *Monsanto Co. v. Cornerstones Mun. Util. Dist.*, 865 S.W.2d 937, 939 (Tex. 1993)). In *RepublicBank Dallas, N.A. v. Interkal, Inc.*, the Texas Supreme Court stated:

> Courts *must* take statutes as they find them. More than that, they should be willing to take them as they find them. They should search out carefully the intendment of a statute, giving full effect to all of its terms. But they must find its intent in its language and not elsewhere.... They are not responsible for omissions in legislation. They are responsible for a true and fair interpretation of the written law. It must be an interpretation which expresses only the will of the makers of the law, not forced nor strained, but simply such as the words of the law in their plain sense fairly sanction and will clearly sustain.

691 S.W.2d 605, 607 (Tex.1985) (emphasis added). Neither party asserts section 71.051 is ambiguous; nor do we find the statute to be ambiguous. Therefore, we must enforce and interpret the statute by its express language.

Section 71.051 establishes two standards for forum non conveniens analysis. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 71.051. Section 71.051 distinguishes the doctrine of forum non conveniens as it applies to plaintiffs (a) who are *not* legal residents of the United States, and (b) who *are* legal residents of the United States.[2] *See id.* A legal resident is defined within the statute as a person, "who intends the specified political subdivision to be his permanent residence and who intends to return to the specified political subdivision despite temporary residence elsewhere or despite temporary absences, without regard to the individual's country of citizenship or national origin." *Id.* § 71.051(h)(1).

 The statute is presumed to have been enacted by the legislature with complete knowledge of existing law and with reference to it. *See Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301 (Tex.1990). Moreover, the legislature is not presumed to have done a foolish or useless thing. *See Industrial Accident Board v. Martinez*, 836 S.W.2d 330, 332 (Tex.App.—Houston [14th Dist.] 1992, no writ). The Legislature clearly intended two distinct standards be applied when determining whether to dismiss a case based on forum non conveniens based upon the status of the plaintiff. Under the statute, cases involving foreign plaintiffs do not require the same balancing of interests as cases involving resident plaintiffs.

 The appellants are citizens and residents of Australia and Scotland. The record reflects none of the appellants have connec-

1. *See* Act of February 23, 1993, 73rd Leg., R.S., ch 4, § 1, 1993 Tex. Gen Laws 10, 10, *amended by* Act of May 24, 1995, 74th Leg., R.S., ch. 567, § 1, 1995 Tex. Gen. Laws 3363, 3363, *amended by* Act of May 27, 1997, 75th Leg., R.S., ch. 424, § 1, 1997 Tex. Gen. Laws 1680, 1680 (current version at TEX. CIV. PRAC. & REM.CODE ANN. § 71.051 (Vernon Supp.1999)). Because the 1997 amendments to § 71.051 were not substantive, we refer to the current § 71.051 in this opinion.

2. The factors set forth in subsection (b) were originally articulated by the United States Supreme Court in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 505–07, 67 S.Ct. 839, 841–42, 91 L.Ed. 1055 (1947). However, the *Gilbert* factors are not exhaustive and a trial court has the discretion to consider other relevant factors bearing on the issue. *See Direct Color Servs., Inc.*, 929 S.W.2d at 563. In addition, *Gilbert* does not distinguish between resident and non-resident plaintiffs. Texas has expressly recognized these factors when considering whether to exercise jurisdiction over parties who are not residents of the state of Texas, but who *are* residents of the United States. *See, e.g., In re Smith Barney*, 975 S.W.2d at 596; *Exxon Corp. v. Choo*, 881 S.W.2d 301, 305 (Tex.1994); *Flaiz*, 359 S.W.2d at 874; *Sarieddine*, 820 S.W.2d at 840; *Direct Color Servs., Inc.*, 929 S.W.2d at 562.

tions with Texas that would place any of them in the position of a "legal resident" under section 71.051(h)(1). Therefore, the trial court was entitled to dismiss the case under the doctrine of forum non conveniens if it properly determined dismissal would serve "the interest of justice." *See* Tex. Civ. Prac. & Rem.Code Ann. § 71.051(a);[3] *Toubaniaris v. American Bureau of Shipping*, 916 S.W.2d 21, 22–23 n. 1 (Tex.App.—Houston [1st Dist.] 1995, no writ).

Appellees urge that the legislature intended to adopt, as binding authority, the federal forum non conveniens doctrine as set forth in *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), when it enacted Section 71.051(a) of the Texas Civil Practices and Remedies Code. In support of their arguments, appellees detail the likenesses between *Piper* and this case. Although the facts are strikingly similar, the standard utilized by the Supreme Court in *Piper* does not apply here. In *Piper*, the Supreme Court reviewed the lower courts' balancing of the private and public interest factors as set forth in *Gilbert*. *See Piper*, 454 U.S. at 243–61, 102 S.Ct. at 259–68. However, the Supreme Court has stated that federal forum non conveniens principles will not determine whether a state court is an appropriate forum and whether a state court may exercise its jurisdiction. *See Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 148, 108 S.Ct. 1684, 1690–91 (1988). A state is not bound by the federal doctrine; a state may adopt a system of courts and forms of remedies as it sees fit, including the application of the doctrine of forum non conveniens. *See Broderick v. Rosner*, 294 U.S. 629, 643, 55 S.Ct. 589, 592, 79 L.Ed. 1100 (1935).

The Texas Legislature adopted section 71.051 of the Texas Civil Practices and Remedies Code as the governing principle for state courts to use when determining whether to dismiss or stay a cause of action under the doctrine of forum non conveniens and

specifically provided a different standard for non-resident plaintiffs. Although the Supreme Court, in applying the federal standard, balanced the factors even when non-resident plaintiffs were concerned, the Texas statute specifically enumerates the factors to be considered for a resident plaintiff and those factors are absent from subsection (a) which deals with non-resident plaintiffs.

### "Interest of Justice"

Texas courts have long accorded trial courts broad discretion within the standard "in the interest of justice." *See* Robert W. Calvert, *In the Interest of Justice*, 4 St. Mary's L.J. 291, 292 (1972) (recognizing the standard "interest of justice" of former Texas Rule of Civil Procedure 505 originated as far back as 1892); *see also, e.g., Scott v. Liebman*, 404 S.W.2d 288, 294 (Tex.1966); *Buzard v. First National Bank*, 67 Tex. 83, 2 S.W. 54, 59 (1886) (Texas Supreme Court remanded, under former rule 505, so, the "appellee may take such further action in the case ... as may be deemed proper."). Although the "interest of justice" standard is not a novel concept in Texas, no court has yet clarified how that standard is to be applied in section 71.051(a) of the Texas Civil Practices and Remedies Code.

We recognize the doctrine of forum non conveniens is rooted "in considerations of fundamental fairness and sensible and effective judicial administration." *Dow Chemical Co. v. Alfaro*, 786 S.W.2d 674, 703 (Tex.1990), *cert. denied*, 498 U.S. 1024, 111 S.Ct. 671, 112 L.Ed.2d 663 (1991) (Justice Hecht dissenting) (quoting *Adkins v. Chicago R.I. & Pac. R.R. Co.*, 54 Ill.2d 511, 301 N.E.2d 729, 730 (1973), *cert. denied*, 424 U.S. 943, 96 S.Ct. 1411, 47 L.Ed.2d 349 (1976)). Accordingly, when faced with a case involving plaintiffs who are not legal residents of the United States, a trial court should decline to exercise its jurisdiction under the doctrine of forum non con-

---

**3.** Section 71.051(a) provides as follows:

With respect to a plaintiff who is not a legal resident of the United States, if a court of this state, on written motion of a party, finds that *in the interest of justice* a claim or action to which this section applies would be more properly heard in a forum outside this state,

the court may decline to exercise jurisdiction under the doctrine of forum non conveniens and may stay or dismiss the claim or action in whole or in part on any conditions that may be just.

Tex. Civ. Prac. & Rem.Code Ann § 71.051(a) (emphasis added).

veniens when, under the facts or circumstances of the particular case, fundamental fairness mandates the case would be more properly heard in a forum outside this state. Stated differently, we define "interest of justice" as used in subsection (a) as an issue of fundamental fairness to be determined on a case-by-case basis.

## Standard of Review

■■■■ When reviewing a dismissal based on forum non conveniens, the applicable standard of review is whether the trial court abused its discretion. *See Direct Color Servs.,Inc.,* 929 S.W.2d at 563; *A.P. Keller Dev., Inc. v. One Jackson Place, Ltd.,* 890 S.W.2d 502, 505 (Tex.App.—El Paso 1994, no writ). To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable. *See Goode v. Shoukfeh,* 943 S.W.2d 441, 446 (Tex.1997); *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). Under an abuse of discretion standard, legal and factual sufficiency are relevant factors in assessing whether the trial court abused its discretion. *See Beaumont Bank v. Buller,* 806 S.W.2d 223, 226 (Tex.1991); *Texas Dep't of Health v. Buckner,* 950 S.W.2d 216, 218 (Tex.App.—Fort Worth 1997, no writ). However, merely because a trial court may decide a matter within its discretion in a different manner than an appellate court in a similar circumstance does not demonstrate that an abuse of discretion occurred. *See Downer,* 701 S.W.2d at 241–42.

Although the factors enumerated in subsection (b) are not controlling in a forum non conveniens analysis involving a non-resident plaintiff, we find these factors to be instructive in our determination of whether the trial court abused its discretion by dismissing appellants' claims based on forum non conveniens under the interest of justice standard. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 71.051(a), (b).

In order for a trial court to stay or dismiss a claim or action under subsection (b), the party seeking to stay or dismiss the claim must prove by a preponderance of the evidence that: (1) an alternative forum exists in which the claim or action may be tried; (2) the alternate forum provides an adequate remedy; (3) maintenance of the claim or action in the courts of this state would work a substantial injustice to the moving party; (4) the alternate forum, as a result of the submission of the parties or otherwise, can exercise jurisdiction over all the defendants properly joined to the plaintiff's claim; (5) the balance of the private interests of the parties and the public interest of the state predominate in favor of the claim or action being brought in an alternate forum; and (6) the stay or dismissal would not result in unreasonable duplication or proliferation of litigation. TEX. CIV. PRAC. & REM.CODE ANN. § 71.051(b); *see Direct Color,* 929 S.W.2d at 563; *Sarieddine,* 820 S.W.2d at 841; *Van Winkle–Hooker Co. v. Rice,* 448 S.W.2d 824, 826 (Tex.Civ.App.—Dallas, 1969).

■■■■ The undisputed facts presented to the trial court include the following: the crash occurred off the coast of Australia; the Baker plaintiffs are residents of Australia; the Tomlinson plaintiffs are residents of Australia; the Laverack plaintiffs are residents of Scotland; the helicopter was registered in Australia; the helicopter was owned and operated in Australia by one or more Australian entities; the pilot was trained and licensed in Australia; the governmental authorities that investigated the crash were Australian, specifically, the Australian Bureau of Air Safety Investigation; all the eyewitnesses to the crash are located in Australia; virtually all the fact witnesses are in Australia; virtually all the witnesses to the damages suffered are in Australia; and all of Tomlinson's treating physicians for her personal injury claims are in Australia. The only connection this case has to Texas is that Bell, which has its principal place of business in Tarrant County, manufactured the helicopter. The other appellees have their principal places of business elsewhere, and none of the appellees are incorporated in Texas.[4]

4. Bell is incorporated in Delaware.

The record establishes that current and former Bell employees responsible for the design and manufacture of the type of helicopter involved in the crash reside in and around Tarrant County. In addition, current and former employees of General Motors and Air Cruisers' possessing knowledge of the design and manufacture of the helicopter's engine and floatation devices reside in the United States. Thus, appellants argue the Texas forum is more convenient to appellees than the Australian forum. However, appellees stipulated, in support of their motion to dismiss, that they would produce a reasonable number of witnesses in Australia at their own expense. Therefore, under the facts of this case, the trial court could have reasonably concluded fewer evidentiary problems would be posed if the trial were in Australia.

 Although there ordinarily is a strong presumption in favor of the plaintiffs' choice of forum, the presumption applies with less force when the plaintiffs are from a foreign country. *See Piper Aircraft Co.*, 454 U.S. at 255, 102 S.Ct. at 265–66; *see also In re Smith Barney*, 975 S.W.2d at 596. We hold the trial court did not abuse its discretion by declining to exercise its jurisdiction under the doctrine of forum non conveniens when, under the facts and circumstances of this case, as considered by the trial court, the interest of justice would best be served by having the case tried in Australia. We overrule appellants' first point.

### Inadequacy of Australian Forum

 Appellants contend the trial court abused its discretion by dismissing Kate Tomlinson's claim under the doctrine of forum non conveniens because Australia is not an adequate forum for her, a citizen and resident of Australia.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. *See* TEX.R.APP. P. 33.1(a); *see also* TEX.R. EVID. 103(a)(1). If a party fails to do this, error is not preserved, and the complaint is waived. *See Bushell v. Dean,* 803 S.W.2d 711, 712 (Tex.1991) (op. on reh'g).

Appellants claim the Australian forum is inadequate as a matter of law for appellant Kate Tomlinson because there is no recognized cause of action in Australia for loss of parental consortium. Appellants never raised the inadequacy of Australian law at the trial court. In fact, the record reflects appellants specifically asserted Australia was an adequate forum as to all the appellants. Therefore, appellants waived any assertion that the Australian forum is inadequate. We overrule appellants' second point.

### Conclusion

Because we hold the trial court did not abuse its discretion by declining to exercise its jurisdiction under the doctrine of forum non conveniens in the interest of justice, we affirm the trial court's judgment.