OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



February 7, 2000

The Honorable Eddie Lucio, Jr.
Chair, Committee on Border Affairs
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. JC-0177

Re: Whether the term "national park" as used in article 2.122, Code of Criminal Procedure, refers to any and all units of National Park System   (RQ-0101-JC)

Dear Senator Lucio:

You ask this office the effect of certain legislation you authored which was passed during the 76th Legislature. In particular, your concern is whether Senate Bill 965[1] grants to law enforcement officers of the National Park Service powers of arrest, search, and seizure with respect to state law offenses committed within the boundaries of any and all units of the National Park System located in the State of Texas. We conclude that, while the language of Senate Bill 965 is somewhat unclear and may be susceptible of the Park Service's interpretation that the bill "does not apply to all units of the national parks system in Texas," Letter from David A. Watts, Deputy Associate Solicitor, Division of Parks and Wildlife, Office of the Solicitor, United States Department of the Interior, to Elizabeth Robinson, Chair, Opinion Committee, Office of the Attorney General (Oct. 14, 1999) (on file with Opinion Committee) [hereinafter "Interior Letter"], the legislative history of the statute indicates that the measure was intended to apply to all such units. Accordingly, we read Senate Bill 965 as a grant of authority to law enforcement officers of the National Park Service to make arrests and to have powers of search and seizure with respect to state law offenses within the boundaries of any and all units of the National Park System located in Texas, however such units may be described.

Senate Bill 965 amended article 2.122 of the Code of Criminal Procedure by adding subsection (d), which reads:

> A commissioned law enforcement officer of the National Park Service is not a peace officer under the laws of this state, *except that the officer has the powers of arrest, search, and seizure as to any offense under the laws of this state committed within the boundaries of a national park or national recreation area.* In this subsection, "national park or national recreation area" means a national park or

---

[1]Act of May 22, 1999, 76th Leg., R.S., ch. 628, § 1, 1999 Tex. Gen. Laws 3186, 3187 (codified at TEX. CODE CRIM. PROC. ANN. art. 2.122(d)).

> national recreation area *included in the National Park System as defined by 16 U.S.C. Section 1c(a)*.

TEX. CODE CRIM. PROC. ANN. art. 2.122(d) (Vernon Supp. 2000) (emphasis added).

A question arises as to the applicability of this definition because, while 16 U.S.C. Section 1c(a) is itself a "catch-all" provision including in its scope all units of the National Park System, the terms "national park" and "national recreation area" are but two of the multiple designations used by the Park System and do not themselves have the same inclusive effect. Accordingly, the scope of the grant of authority appears ambiguous.

As its author, you explained the intent of this legislation at a public hearing before the Senate Criminal Justice Committee on April 14, 1999:

> A new national park in Cameron County, which is located in the southern tip of Texas, is being developed, and unfortunately the park's grounds are frequented by people intent on drinking and loitering. Although rangers of the National Park Service are on duty to protect the park, they are not on the list of approved law enforcement officials with powers of arrest in Texas. This legislation would add commissioned rangers of the National Park Service to the approved list of federal agents with powers of arrest, search, and seizure. We do have a committee amendment to consider that would confine those powers to within the park areas. The amendment would address what the committee substitute would do—which would be to confine those powers within the park area and not outside.

*Hearings on Tex. S.B. 965 Before the Senate Comm. on Crim. Justice*, 76th Leg., R.S. (Apr. 14, 1999) (statement of Senator Eddie Lucio, Jr.) (audio tape available from Senate Staff Services).

The digest contained in the various bill analyses of Senate Bill 965 is to the same effect as your testimony:

> Currently, certain federal criminal investigators have powers of arrest and powers of search and seizure as to felony offenses only under the laws of the State of Texas. The list of law enforcement authorities includes a variety of United States agencies with jurisdiction in Texas. This bill would add commissioned law enforcement officers of the National Park Service to the approved list of federal agents with powers of arrest and search and seizures.

SENATE COMM. ON CRIM. JUSTICE, BILL ANALYSIS, Tex. Comm. Substitute S.B. 965, 76th Leg., R.S. (1999).

Senate Bill 965 refers to 16 U.S.C. Section 1c(a) which provides that the National Park System "shall include any area of land and water now or hereafter administered by the Secretary of the Interior through the National Park Service for park, monument, historic, parkway, recreational, or other purposes." In our view it is clear that the reference to section 1c(a) was intended, as you indicate in your letter, "to capture all current and any future designations created by Congress under this specific title." Letter from Honorable Eddie Lucio, Jr., Texas State Senator, to Honorable John Cornyn, Attorney General of Texas, at 2 (Aug. 11, 1999) (on file with Opinion Committee).

Nevertheless, it is the view of the Solicitor's Office of the Interior Department (the "Department") that the language of Senate Bill 965 does not successfully manifest this intent. In the Department's view, "although the intention may have been otherwise, the plain language of article 2.122 is insufficient to cover all units of the national park system which exist in Texas." Interior Letter, *supra*, at 2.

The Department's position is presented rather succinctly in one paragraph:

> Article 2.122 of the Texas Criminal Code apparently references 16 U.S.C § 1c(a) in an effort to clarify that national park or national recreation area is a shorthand way of referencing any unit of the national park system. However, as written, article 2.1[22] does not accomplish that purpose. It refers to national park or national recreation area *as defined by* 1c(a). However, section 1c(a) does not define national park or national recreation area; it defines national park system.

*Id.* (emphasis in original).

We do not disagree with the Department that the sentence in question might have been more felicitously worded if, for example, it had defined the areas in which jurisdiction was being granted as any unit included in the National Park System as that system is defined by 16 U.S.C. Section 1c(a). This office, like the courts, cannot make a statute "apply to cases to which it does not apply, without assuming functions that pertain solely to the legislative department of the government." *Turner v. Cross*, 18 S.W. 578, 579 (1892). Accordingly, we cannot simply revise a statute by fiat. However, we are charged as well not to treat an enactment of the Texas Legislature as a nullity, which would be the consequence of the Department's interpretation of the definition. *See Baker v. Bell Helicopter Textron, Inc.*, 985 S.W.2d 272, 275 (Tex. App.–Fort Worth 1999, pet. denied) ("[T]he legislature is not presumed to have done a foolish or useless thing."); *see also Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991) ("where application of a statute's plain language would lead to absurd consequences that the Legislature could not possibly have intended, we should not apply the language literally. When used in the proper manner, this narrow exception to the plain

meaning rule does not intrude on the lawmaking powers of the legislative branch, but rather demonstrates respect for that branch, which we assume would not act in an absurd way.").

As the Department points out, pursuant to 16 U.S.C., section 1a-6, and the Assimilative Crimes Act, 18 U.S.C., sections 7 and 13, "authority already exists for National Park Service law enforcement officers to enforce state laws within the boundaries of a unit of the national park system" when the federal government exercises either exclusive or concurrent jurisdiction. Interior Letter, *supra*, at 1. Accordingly, a grant of such authority in those circumstances would be unnecessary. The grant is necessary only if the Park Service's interest in the land in question is solely proprietary, which we are given to understand is the case with the Palo Alto Battlefield site and perhaps six other such sites in Texas. Telephone conversation with K. C. Becker, Office of the Solicitor, Department of the Interior (Dec., 1999). Yet, given the Department's view that such sites are not necessarily included within the definition in article 2.122(d) of the Code of Criminal Procedure, Senate Bill 965's grant of jurisdiction would be either supererogatory or void. We cannot so construe the statute.

Accordingly we construe Senate Bill 965 as a grant of the powers of arrest, search, and seizure to enforce Texas law to commissioned National Park Service law enforcement officers within the boundaries of any and all units of the National Park System, however denominated, in this state. We note, however, that the legislative history also makes clear that this jurisdictional grant is at most concurrent, and is limited to the enumerated powers given to such Park Service law enforcement personnel within the boundaries of the park units. No further jurisdiction than this has, by this statute, been ceded to the United States.

## S U M M A R Y

Article 2.122(d), Code of Criminal Procedure, as enacted by Senate Bill 965, 76th Legislature, is a grant of the powers of arrest, search, and seizure to enforce Texas law to commissioned National Park Service law enforcement officers within the boundaries of any and all units of the National Park System, however denominated, in this state.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General - Opinion Committee