NUMBER 13-04-412-CV

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

___________________________________________________________________

 

GRACIELA GOMEZ DE HERNANDEZ,
ET AL.,               Appellants,

 

                                           v.

 

BRIDGESTONE/FIRESTONE NORTH

AMERICAN TIRE, L.L.C., ET AL.,                                Appellees.

___________________________________________________________________

 

                  On
appeal from the 332nd District Court

                           of Hidalgo County, Texas.

___________________________________________________  _______________

 

                              O
P I N I O N[1]








       Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez 

                                Opinion
by Justice Rodriguez 

 

This appeal
arises from (1) a trial court order granting summary judgment in favor of
appellee Houston Auto Auction, Inc. (HAA), and (2) a trial court order
dismissing the remainder of the underlying suit on the basis of forum non
conveniens with respect to appellees Bridgestone/Firestone North American Tire,
L.L.C., f/k/a Bridgestone/Firestone, Inc. (B/F), Ford Motor Company (Ford), and
Eleazar Perez d/b/a Progresso Motors (PM) in this products liability
action.  By four issues, appellants,
Graciela Gomez de Hernandez, individually, as
personal representative of the estate of Jose Angel Hernandez Gonzales, and as
next friend of her children, Jose Angel Hernandez Gomez and Elizabeth Hernandez
Gomez, Victor Manuel Maldonado Castanon, Pedro Alfonso Castillo Cardenas,
Jacinto Loyde Frayde, Guillermo Mujica Gutierrez, Marta Covarrubias Gutierrez,
and Juan Lorenzo Gutierrez Hernandez, contend the following:  (1) the trial court erred in granting summary
judgment in favor of HAA; (2) the trial court abused its discretion when it
dismissed the remainder of the suit with respect to B/F, Ford, and PM on the
basis of forum non conveniens; and (3) the evidence was legally and factually
insufficient to support the trial court's implied findings of fact and
dismissal on forum non conveniens grounds. 
We affirm.

I.  Background








Appellee HAA filed an amended motion for summary judgment, which the
trial court granted in its favor and against all plaintiffs.  In addition, pursuant to a settlement
agreement, plaintiffs and Texas residents Arely Hernandez, Olvido Hernandez,
and Juan Hernandez filed an agreed joint motion to dismiss their claims as to
defendants B/F, Ford, and PM.  The trial
court granted the motion and severed their claims from the underlying suit.  Finally, appellees B/F and Ford each filed an
amended motion to dismiss on the basis of forum non conveniens.  The trial court granted the dismissal on the
basis of forum non conveniens as to B/F, Ford, and PM.

II.  Motion for Summary Judgment

By their fourth issue, appellants contend the trial court erred in
granting appellee HAA summary judgment as to all claims.  Appellants first suggest that because HAA
failed to seek summary judgment as to their claim for strict products
liability, it remains a viable theory of recovery in the trial court.  However, by its first amended motion for
summary judgment, HAA moved for summary judgment on each of the claims pleaded
by appellants, including negligence, breach of warranty, and strict
products liability.  Therefore,
appellants' assertion that HAA failed to seek summary judgment as to strict
products liability is without merit.  








Appellants' sole remaining contention on appeal with respect to
appellee HAA is that the trial court erred in granting summary judgment in
favor of HAA on their malice claim.  In
their petition, appellants alleged that HAA's failure to replace the recalled
Firestone ATX tire on the vehicle in question constituted malice, and therefore,
entitled appellants to recover exemplary damages.  Section 41.003 of the Texas Civil Practice
and Remedies Code entitles a plaintiff to recover exemplary damages if the
plaintiff proves by clear and convincing evidence that the harm with respect to
which the claimant seeks recovery of exemplary damages results from
malice.  See Act approved Apr. 20,
1995, 74th Leg., R.S., ch. 19, ' 1, sec. 41.003, 1995
Tex. Gen. Laws 108, 110, amended by Act approved June 11, 2003, 78th
Leg., R.S., ch. 204, ' 13.04, sec. 41.003,
2003 Tex. Gen. Laws 847, 888.[2]  In addition, section 41.002(a) indicates that
chapter 41 of the civil practice and remedies code applies only in relation to
a cause of action.  See Act
approved Apr. 20, 1995, 74th Leg., R.S., ch. 19, ' 1, sec. 41.002(a), 1995 Tex. Gen. Laws 108, 109,
amended by Act approved June 11, 2003, 78th Leg., R.S., ch. 204, ' 13.03, sec.
41.002(a), 2003 Tex. Gen. Laws 847, 888.[3]  Here, appellants sought recovery of exemplary
damages, predicated on malice, in relation to their strict products liability,
negligence, and breach of warranty causes of action.  Because the trial court granted HAA summary judgment
on all of appellants' causes of action, and appellants do not challenge the
granting of summary judgment on any of those grounds, there is no cause of
action in relation to which malice may serve as a predicate for exemplary
damages.  Therefore, appellants'
allegation of malice as a predicate for exemplary damages is no longer
viable.  See id.  Thus, we overrule appellants' fourth
issue.      

III.  Forum Non Conveniens

By their first, second, and third issues, appellants contend the trial
court abused its discretion by dismissing the remainder of the lawsuit on the
basis of forum non conveniens.








A.  Standard of Review

In evaluating a trial court's dismissal of a suit based on forum non
conveniens, we apply an abuse of discretion standard of review.  Jones v. Raytheon Aircraft Servs., 120
S.W.3d 40, 43 (Tex. App.BSan Antonio 2003, pet.
denied); Baker v. Bell Helicopter Textron, Inc., 985 S.W.2d 272, 277
(Tex. App.BFort Worth 1999, pet.
denied).  A trial court abuses its
discretion when it acts arbitrarily or unreasonably, without reference to any guiding
rules or principles.  Jones, 120
S.W.3d at 43 (citing Downer v. Aquamarine Operators, Inc., 701 S.W.2d
238, 241-42 (Tex. 1985)).  The mere fact
that a trial court may decide a matter within its discretion differently than
an appellate court in a similar circumstance does not demonstrate that an abuse
of discretion has occurred.  Jones,
120 S.W.3d at 43; Baker, 985 S.W.2d at 277.  

B.  The Law








Texas law relating to the doctrine of forum non conveniens in personal
injury and wrongful death cases is governed by section 71.051 of the Texas
Civil Practice and Remedies Code.[4]
The doctrine of forum non conveniens is an equitable doctrine exercised by
courts to resist the imposition of an inconvenient forum on a litigant.  Jones, 120 S.W.3d at 44 (citing Baker,
985 S.W.2d at 274).  A court may dismiss
a case on the basis of forum non conveniens even if jurisdiction is
proper.  Id. 

The version of section 71.051 applicable in this case establishes two
bases for the dismissal of a claim or action on forum non conveniens
grounds:  subsection (a) and subsection
(b).  See Act approved May 29,
1997, 75th Leg., R.S., ch. 424, ' 1, sec. 71.051, 1997
Tex. Gen. Laws 1680, 1680-82, amended by Act approved June 11, 2003,
78th Leg., R.S., ch. 204, '' 3.04, 3.09, 2003 Tex.
Gen. Laws 847, 854-55; Jones, 120 S.W.3d at 44; Baker, 985 S.W.2d
at 275.  Subsection (a) applies
only to plaintiffs who are not legal residents of the United States and reads
as follows:

With respect to a plaintiff
who is not a legal resident of the United States, if a court of this state, on
written motion of a party, finds that in the interest of justice a claim or
action to which this section applies would be more properly heard in a forum
outside this state, the court may decline to exercise jurisdiction under the
doctrine of forum non conveniens and may stay or dismiss the claim or action in
whole or in part on any conditions that may be just.

 

See
Act
approved May 29, 1997, 75th Leg., R.S., ch. 424, ' 1, sec. 71.051, 1997 Tex. Gen. Laws 1680,
1680-82 (amended 2003).  Subsection (b)
applies only to plaintiffs who are legal residents of the United States and
provides the following:

With respect to a
plaintiff who is a legal resident of the United States, on written motion of a
party, a claim or action . . . may be stayed or dismissed in whole or in part .
. . if the party seeking to stay or dismiss . . . proves by a preponderance of
the evidence that:

 

(1)      an
alternative forum exists in which the claim or action may be tried;

 

(2)      the
alternate forum provides an adequate remedy;

 








(3)      maintenance
of the claim or action in the courts of this state would work a substantial
injustice to the moving party;

 

(4)      the
alternate forum, as a result of the submission of the parties or otherwise, can
exercise jurisdiction over all the defendants properly joined to the
plaintiff's claim;

 

(5)      the
balance of the private interests of the parties and the public interest of the
state predominate in favor of the claim or action being brought in an alternate
forum; and

 

(6)      the
stay or dismissal would not result in unreasonable duplication or proliferation
of litigation.

 

Id.








While the Forth Worth Court of Appeals has held that the factors
enumerated in subsection (b) are instructive, though not controlling, in
determining whether a trial court abused its discretion in dismissing an
appellant's claims pursuant to subsection (a), see Baker, 985 S.W.2d at
277, the San Antonio Court of Appeals has rejected that conclusion stating that
such "reasoning does not give effect to the plain differences in the
statutes."  See Jones, 120
S.W.3d at 45 n.4.  We agree with the San
Antonio Court of Appeals in that the plain language of the statute is such that
subsection (a) neither incorporates nor requires the consideration of the
factors specifically enumerated in subsection (b).  See Act approved May 29, 1997, 75th
Leg., R.S., ch. 424, ' 1, sec. 71.051, 1997
Tex. Gen. Laws 1680, 1680-82 (amended 2003); Jones, 120 S.W.3d at
45.  Instead, subsection (a) expressly
requires the trial court to consider (1) the interest of justice and (2)
whether a claim or action would be more properly heard in a forum outside this
State in determining whether to dismiss a non-resident's claim or action under
the doctrine of forum non conveniens.  See
Act approved May 29, 1997, 75th Leg., R.S., ch. 424, ' 1, sec. 71.051, 1997
Tex. Gen. Laws 1680, 1680-82 (amended 2003). 

C.  Analysis

By their first issue, appellants contend the trial court abused its
discretion, as a matter of law, in dismissing B/F, Ford, and PM from the suit
on the basis of forum non conveniens because (1) some of the claimants in the
underlying action were Texas residents and appellants produced prima facie
evidence that the cause of the injury in question occurred in Texas, (2) the
motion to dismiss was heard less than thirty days before the trial setting, (3)
the trial court disregarded the common law when making its determination to
dismiss on grounds of forum non conveniens, and (4) the trial court's
extensions of mandatory time limits were not for good cause shown.[5]  













By their first sub-issue, appellants contend the trial court abused
its discretion, as a matter of law, by dismissing B/F, Ford, and PM from the
suit on the basis of forum non conveniens because (1) some of the claimants in
the underlying action were Texas residents and (2) because appellants produced
prima facie evidence that the cause of the injury in question occurred in
Texas.  Appellants' contention is based
on a prior version of section 71.051(f) of the Texas Civil Practice and
Remedies Code that rests on the applicability of subsection (b).[6]  However, subsection (b) does not apply to the
instant case.  As previously noted,
subsection (b) applies only to claims or actions wherein the plaintiffs are
residents of the United States.  See Act
approved May 29, 1997, 75th Leg., R.S., ch. 424, ' 1, sec. 71.051, 1997 Tex. Gen. Laws 1680,
1680-82 (amended 2003).  At the
time the trial court dismissed the remainder of the suit on forum non
conveniens grounds, the only plaintiffs in the action were residents of Mexico,
not of the United States.[7]  Therefore, the trial court dismissed the suit
pursuant to subsection (a) rather than to subsection (b).  Because subsection (b) is not applicable to
this case, appellants' contention has no support.  Thus, the trial court did not abuse its
discretion in this respect.








Through their second sub-issue, appellants contend the trial court
abused its discretion, as a matter of law, by hearing the motions to dismiss
for forum non conveniens less than thirty days prior to trial.  Subsection (d) states in pertinent part that
"in no case shall the hearing be held less than thirty days prior to
trial."  See Act approved May
29, 1997, 75th Leg., R.S., ch. 424, ' 1, sec. 71.051, 1997
Tex. Gen. Laws 1680, 1680-82 (amended 2003). 
The trial for the underlying suit was set for March 22, 2004, and
the hearing on the motions to dismiss on the basis of forum non conveniens was
set for February 18, 2004.  On February
17, 2004, the parties filed (1) an agreement resetting the hearing on the motions
to dismiss on forum non conveniens grounds to March 10, 2004, and (2) an agreed
notice of continuance of trial, resetting the trial date to September 27,
2004.  Although the trial court did not
sign an order granting the reset dates, it conducted the hearing on the motions
to dismiss on forum non conveniens grounds on March 10th, as agreed to by the
parties.  On appeal, appellants contend
the trial court erred in conducting the hearing on March 10th because without a
signed order continuing the trial to September 27th, the March 22nd trial date,
which was less than thirty days from the date of the hearing, still stood.  However, even assuming, without determining,
that the March 22nd trial date was valid, we conclude that appellants cannot be
heard to complain of this matter on appeal. 
See Blackburn v. Dobbs, 258 S.W.2d 432, 433 (Tex. Civ. App.BAmarillo 1953, writ
dism'd w.o.j.) (providing that a rule 11 agreement entered into by counsel is
binding on appellant, "who must not now be heard to complain about the
matter"); Ingram v. Ingram, 249 S.W.2d. 86, 89 (Tex. Civ. App.BGalveston 1952, no
writ) (concluding that a litigant on appeal may not seek a reversal for error
which he himself has committed or invited). 
Here, the parties had enforceable rule 11 agreements resetting the
hearing and trial dates.  See Tex. R. Civ. P. 11 (providing that an
agreement between attorneys or parties is enforceable if it is in writing,
signed, and filed as part of the record). 
At no time did appellants object to the March 10th hearing or vitiate
their consent to their two agreements with appellees.  Therefore, assuming, without determining,
that there was error by the trial court, such error was invited by
appellants.  See Blackburn, 258
S.W.2d at 433; Ingram, 249 S.W.2d at 89. 
As a result, they cannot now be heard to complain on appeal as to this
sub-issue.  See Blackburn, 258
S.W.2d at 433; Ingram, 249 S.W.2d at 89.








By their third sub-issue, appellants contend that the trial court
abused its discretion, as a matter of law, by disregarding the common law
elements of forum non conveniens in its determination of the
motions.  We disagree.  Texas law on forum non conveniens in
personal injury and wrongful death cases has had a statutory basis since
1993.  See Act approved Mar. 4,
1993, 73rd Leg., R.S., ch. 4, ' 1, sec. 71.051, 1993
Tex. Gen. Laws 10, 10-12, amended by Act approved June 14, 1995, 74th
Leg., R.S., ch. 567, ' 1, sec. 71.051, 1995
Tex. Gen. Laws 3363, 3363-64; Act approved May 29, 1997, 75th Leg., R.S., ch.
424, ' 1, sec. 71.051, 1997
Tex. Gen. Laws 1680, 1680-82; Act approved June 11, 2003, 78th Leg., R.S., ch.
204, '' 3.04, 3.09, sec.
71.051, 2003 Tex. Gen. Laws 847, 854-55; Act approved May 30, 2005, 79th Leg.,
R.S., ch. 248, ' 1, sec. 71.051, 2005
Tex. Sess. Law Serv. 448, 448-49; Jones, 120 S.W.3d at 44.  Subsection (i) specifically states that
"this section [71.051] shall govern the courts of this state in
determining issues under the doctrine of forum non conveniens in the actions to
which it applies. . . ."  Because
the underlying suit is based on wrongful death and personal injury claims,
section 71.051, not the common law, controls the determination of the suit's
dismissal on forum non conveniens grounds. 
See Act approved May 29, 1997, 75th Leg., R.S., ch. 424, ' 1, sec. 71.051, 1997
Tex. Gen. Laws 1680, 1680-82 (amended 2003). 
Therefore, the trial court did not abuse its discretion in this respect.








Through their fourth sub-issue, appellants contend the trial court
abused its discretion, as a matter of law, by allowing repeated extensions of
time limits without evidence of good cause. 
Subsection (i) states that "any time limit established by this
section may be extended . . . for good cause shown."  See Act approved May 29, 1997, 75th
Leg., R.S., ch. 424, ' 1, sec. 71.051, 1997
Tex. Gen. Laws 1680, 1680-82 (amended 2003). 
However, this sub-issue is inadequately briefed, and therefore, is
waived.  See Tex. R. App. P. 38.1(h) (providing that
appellants' brief must contain a clear and concise argument for the contentions
made, with appropriate citations to authorities and to the record).  Accordingly, we overrule appellants' first
issue.








By their second issue, appellants contend that the trial court also
abused its discretion in dismissing B/F, Ford, and PM under the doctrine of
forum non conveniens because "it is inconceivable that it would be more
convenient for anyone - other than the pretrial judge - for this case . . . to
be transferred to Mexico."  To
support their contention, appellants maintain that (1) a large number of the
witnesses reside outside of Mexico, (2) Mexico is an inadequate forum because
it does not recognize a cause of action for strict products liability based on
the facts of this case,[8]
(3) extensive discovery had ensued and was complete, (4) enormous expense had
been incurred, and (5) the case had been on file for over two years.[9]  Appellees assert that the trial court
properly acted within its discretion in determining that the interest of
justice favored having the suit heard in Mexico because (1) the plaintiffs were
residents of Mexico, (2) one of the plaintiffs, Juan Lorenzo Gutierrez, has
been unable to enter the United States due to U.S. immigration regulations, (3)
the accident occurred in Mexico, (4) Mexican officials investigated the
accident, (5) the witnesses to the events surrounding the accident reside in
Mexico and are beyond the compulsory powers of Texas courts, (6) evidence
related to the accident is located in Mexico, (7) the evidence that was
produced in the trial court below can be easily transferred to Mexico for use
in the proceeding there, (8) neither the vehicle nor tire in question were
designed or manufactured in Texas, and (9) the courts of Mexico would provide
appellants with remedies to recover for their damages.  We agree with appellees.  













The standard for dismissal under subsection (a) in the instant case is
not merely whether it would be more convenient for one party or another, as
appellants suggest, but whether in the interest of justice the action would be
more properly heard in a forum in Mexico.  See Act approved May 29, 1997, 75th Leg.,
R.S., ch. 424, ' 1, sec. 71.051, 1997
Tex. Gen. Laws 1680, 1680-82 (amended 2003). 
The interest of justice is rooted in fundamental fairness.  Baker, 985 S.W.2d at 276-77.  Based on the facts of this case, fundamental
fairness encompasses the ability of a defendant to compel, through the trial
court, the appearance of witnesses to the events surrounding the accident and
individuals involved in the investigation of the accident.  See id.; Feltham v. Bell Helicopter
Textron, Inc., 41 S.W.3d 384, 388 (Tex. App.BFort Worth 2001, no pet.) (providing that
"Texas state courts have no power to compel such testimony" from
foreign witnesses).  As to whether this
case is more properly heard in a forum outside Texas, subsection (a) identifies
no apparent constraints on or requirements for what constitutes a forum.  Jones, 120 S.W.3d at 47.  However, the primary consideration is whether
the alternate forum entitles appellants to a remedy for their losses, even if
compensation for their injuries is less than what may be awarded in a Texas
court.  See id. at 47-48 (citing
Lueck v. Sundstrand Corp., 236 F.3d 1137, 1143 (9th Cir. 2001); In re
Silicone Gel Breast Implants Prods. Liab. Litig., 887 F. Supp. 1469, 1475
(N.D. Ala. 1995); Stonnell v. Int'l Harvester Co., 132 Ill. App. 3d
1043, 478 N.E.2d 518, 520, 88 Ill. Dec. 203 (Ill. App. Ct. 1985)).  Although Mexico may not recognize a cause of
action for strict products liability based on the facts of this case,
appellants do not controvert evidence in the record that Mexican law provides a
remedy for negligence and breach of warranty. 
Appellants pleaded three theories of recovery, including strict products
liability, negligence, and breach of warranty, against appellees based on the
same set of facts.  Therefore, assuming,
without determining, that Mexican law recognizes claims for negligence and
breach of warranty, it entitles appellants to a remedy for their losses in the
instant case.  As a result, we conclude
that the trial court, based on the facts of this case, could have reasonably
found that, in the interest of justice, this case was more properly heard in a
forum in Mexico.  Thus, we cannot say the
trial court abused its discretion in dismissing the remainder of the case under
the doctrine of forum non conveniens.  We
overrule appellants' second issue.

Through their third issue, appellants contend the evidence was
factually and legally insufficient to support the trial court's implied
findings related to the dismissal on grounds of forum non conveniens.  However, this assertion is inadequately
briefed, and therefore, is waived.  See
Tex. R. App. P. 38.1(h).  We overrule appellants' third issue. 

IV.  Conclusion

Accordingly,
we affirm the judgment of the trial court.

 

NELDA V. RODRIGUEZ

Justice

 

Opinion delivered and filed 

this 6th day of April, 2006.

 











[1]On June 16, 2005, we granted
appellants' motion to consolidate this appeal, cause number 13-04-00412-CV,
with cause number 13-03-00728-CV. 
However, due to the independent nature of the cases, two opinions will
be handed down.  For the text of the
second opinion, see Graciela Gomez de Hernandez, Individually, as Personal
Representative of the Estate of Jose Angel Hernandez Gonzales, and as Next
Friend of Her Children, Jose Angel Hernandez Gomez and Elizabeth Hernandez
Gomez, Victor Manuel Maldonado Castanon, Pedro Alfonso Castillo Cardenas,
Jacinto Loyde Frayde, Guillermo Mujica Gutierrez, Marta Covarrubias Gutierrez,
and Juan Lorenzo Gutierrez Hernandez v. New Texas Auto Auction Services, L.P.,
d/b/a Big H Auto Auction, No. 13-03-00728-CV, 2006 Tex. App. LEXIS ___
(Tex. App.BCorpus Christi Apr. 6, 2006, no
pet. h.).





[2]Section 41.003 of the Texas Civil
Practice and Remedies Code was amended in 2003. 
However, because the underlying lawsuit was filed in 2002, the version
of section 41.003 that applies to the instant case is that which went into
effect on September 1, 1995.





[3]Section 41.002(a) of the Texas
Civil Practice and Remedies Code was amended in 2003.  However, because the underlying lawsuit was
filed in 2002, the version of section 41.002(a) that applies to the instant
case is that which went into effect on September 1, 1995.





[4]Section 71.051 of the Texas Civil
Practice and Remedies Code was established by the legislature in 1993 and
amended in 1995, 1997, 2003, and 2005.  See
Act approved Mar. 4, 1993, 73rd Leg., R.S., ch. 4, ' 1, 1993 Tex. Gen. Laws 10, 10-12, amended
by Act approved June 14, 1995, 74th Leg., R.S., ch. 567, ' 1, 1995 Tex. Gen. Laws 3363,
3363-64; Act approved May 29, 1997, 75th Leg., R.S., ch. 424, ' 1, 1997 Tex. Gen. Laws 1680,
1680-82; Act approved June 11, 2003, 78th Leg., R.S., ch. 204, '' 3.04, 3.09, 2003 Tex. Gen. Laws
847, 854-55; Act approved May 30, 2005, 79th Leg., R.S., ch. 248, ' 1, 2005 Tex. Sess. Law Serv. 448,
448-49.  Because the underlying suit was
filed in 2002, we apply the version of section 71.051 which became effective on
May 29, 1997 to this case.  See
Act approved May 29, 1997, 75th Leg., R.S., ch. 424, ' 1, 1997 Tex. Gen. Laws 1680,
1680-82 (amended 2003).





[5]Appellants also assert that the
trial court abused its discretion, as a matter of law, because (1) the movants
failed to attach written stipulations and (2) a violation of Texas law was at
issue, precluding dismissal on forum non conveniens grounds.  However, these contentions were based on a
former version of section 71.051 of the Texas Civil Practice and Remedies Code,
see Act approved June 14, 1995, 74th Leg., R.S., ch. 567, ' 1, sec. 71.051, 1995 Tex. Gen.
Laws 3363, 3363-64 (amended 1997), which is inapplicable in this
case.  Therefore, we do not address those
subissues.  In addition, appellants
contend the trial court abused its discretion because one of the three
dismissed defendants did not move for dismissal under the doctrine of forum non
conveniens.  However, appellants failed
to raise this complaint in the trial court below.  Therefore, it is not before us.  See Tex.
R. App. P. 33.1(a) (providing that as a prerequisite to presenting a
complaint for appellate review, the record must show that a complaint was made
to the trial court by a timely request, objection, or motion).  Moreover, subsection (a) does not require
that each defendant file a written motion before a trial court may dismiss an
action in whole.  Instead, subsection (a)
authorizes a trial court to dismiss an entire action involving multiple
defendants on the motion of a single defendant. 
See Act approved May 29, 1997, 75th Leg., R.S., ch. 424, ' 1, sec. 71.051, 1997 Tex. Gen.
Laws 1680, 1680-82 (amended 2003) (providing that "on written
motion of a party . . . the court may decline to exercise jurisdiction under
the doctrine of forum non conveniens and may stay or dismiss the claim or
action in whole or in part . . . ."); Feltham v. Bell Helicopter
Textron, Inc., 41 S.W.3d 384, 390 (Tex. App.BFort Worth 2001, no pet.).      





[6]Appellants rely on the version of
71.051(f) which became effective in 1995, rather than on the applicable version
of 71.051 that became effective on May 29, 1997.  The prior version of 71.051(f) relied on by
appellants provided that a court could not dismiss an action pursuant to
subsection (b) if (1) a claimant in the action who was properly joined was a
legal resident of this state or (2) a party opposing the motion under subsection
(b) alleged and made a prima facie showing that an act or omission that was a
proximate or producing cause of the injury or death occurred in the State of
Texas.  See Act approved June 14,
1995, 74th Leg., R.S., ch. 567, ' 1, sec. 71.051, 1995 Tex. Gen. Laws 3363, 3363-64 (amended
1997).  Based on the amendments to
section 71.051, which became effective on May 29, 1997, the previous version of
subsection (f) relied on by appellants was partitioned into subsections (e) and
(f) and re-written as follows: 

 

(e) The court may not stay or
dismiss a plaintiff's claim under Subsection (b) if the plaintiff is a legal
resident of this state.  If an action
involves both plaintiffs who are legal residents of this state and plaintiffs
who are not, the court may not stay or dismiss the action under Subsection (b)
if the plaintiffs who are legal residents are properly joined in the action and
the action arose out of a single occurrence. . . .

 

(f) A court may not stay or dismiss
a claim or action pursuant to Subsection (b) if a party opposing the motion
under Subsection (b) alleges and makes a prima facie showing that an act or
omission that was a proximate or producing cause of the injury or death
occurred in this state. . . . 

 

See Act approved May 29, 1997, 75th
Leg., R.S., ch. 424, ' 1, sec. 71.051, 1997 Tex. Gen.
Laws 1680, 1680-82 (amended 2003). 






[7]The trial court dismissed the
remainder of the suit on forum non conveniens grounds on May 5, 2004.  At that time all of the plaintiffs were
residents of Mexico.  The Texas/United States
residents who were plaintiffs in the underlying suit had settled their claims
with defendants B/F, Ford, and PM.  The
trial court granted their motion to dismiss and severed their claims from the
remainder of the lawsuit on February 18, 2004. 

 

Although appellants
assert that a trial court should evaluate a motion for dismissal on forum non
conveniens grounds considering the facts and status of the parties as they
existed at the time the suit was filed, we disagree.  Appellants rely on Dart v. Balaam, 953
S.W.2d 478, 482 (Tex. App.BFort Worth 1997, no pet.), to support their assertion.  However, the court in Dart does not
provide persuasive authority to support the proposition advanced by
appellants.  See id.  Moreover, at least one court of appeals has
considered a change in the status of parties following the filing of a suit
when reviewing a trial court's dismissal of an action on forum non conveniens
grounds.  See Jones v. Raytheon
Aircraft Servs., 120 S.W.3d 40, 43, 45 (Tex. App.BSan Antonio 2003, pet. denied)
(considering a change in the status of parties following the granting of
summary judgment in favor of a defendant in the underlying suit).  Therefore, we decline to apply the summary
conclusion reached in Dart to the facts of this case.





[8]We also note that in a supplemental
letter brief, appellants cite to In re: 
Bridgestone/Firestone, Inc., Tires Prod. Liab. Action, 420 F.3d 702
(7th Cir. 2005), in support of their proposition that no court in Mexico will
accept jurisdiction over appellees in this case, even though appellees have
submitted to the jurisdiction of a Mexican court.  However, the case relied on by appellants
does not support the proposition they advance. 
The federal district court in that case had dismissed the action of the
non-resident plaintiffs on the basis of forum non conveniens.  Id. at 703.  While the appeal of that case was pending,
the non-resident plaintiffs filed an action in the State of Morelos in
Mexico.  Id. at 705.  The Mexican court dismissed the action on the
basis that it lacked jurisdiction over the defendants because they were not
residents of the State of Morelos.  Id.  However, the Seventh Circuit, in the
opinion relied on by appellants, indicated that it had "substantial
misgivings about the plaintiffs' actions" because they did not inform (1)
the defendants that they had filed suit in Mexico and (2) the Mexican court
that the defendants had submitted to its jurisdiction.  Id. at 705-06.  Therefore, the Seventh Circuit vacated the
district court's dismissal and remanded the case so that the district court
could explore the circumstances surrounding the decision of the Mexican court.  Id. at 706-07.  Thus, the opinion relied on by appellants
does not reach the conclusion that a Mexican court will not accept jurisdiction
over appellees when they have submitted to its jurisdiction, and appellants'
reliance on it is misplaced.





[9]In addition, although admitting
that voluntary inclusion in multi-district litigation should not ordinarily
preclude a defendant from seeking dismissal on forum non conveniens grounds,
appellants assert that the facts of the instant case warrant such
preclusion.  However, appellants cite no
authority to support this assertion; therefore, we do not consider it.  See Tex.
R. App. P. 38.1(h). Appellants also assert, in their reply brief, that
choice of law is a significant factor that a trial court must consider when
deciding a motion to dismiss on forum non conveniens grounds.  In support of this assertion, appellants rely
on Berg v. AMF Inc., 29 S.W.3d 212, 218 (Tex. App.BFort Worth 2000, no pet.).  However, appellants' reliance on Berg
is misplaced because Berg involved a case that was dismissed under
subsection (b), which requires the balancing of the parties' private interests
and the State's public interest.  See
id. at 216-17; see also Act approved May 29, 1997, 75th Leg., R.S.,
ch. 424, ' 1, sec. 71.051, 1997 Tex. Gen.
Laws 1680, 1680-82 (amended 2003). 
The court's choice of law analysis was conducted in relation to this
balancing of private and public interests. 
See Berg, 29 S.W.3d at 218-19. 
Because dismissal under subsection (a) does not require such balancing, see
Act approved May 29, 1997, 75th Leg., R.S., ch. 424, ' 1, sec. 71.051, 1997 Tex. Gen.
Laws 1680, 1680-82 (amended 2003), we decline to apply the Berg
analysis to this appeal.