**BLACKBURN v. DOBBS.**

**No. 6301.**

Court of Civil Appeals of Texas.
Amarillo.

May 4, 1953.

Rehearing Denied June 1, 1953.

Cornelius & Cornelius, Jefferson, Nat D. Heaton, Slaton, for appellant.

George S. Berry, Lubbock (Thomas L. Clinton, Lubbock, of counsel), for appellee.

PITTS, Chief Justice.

This appeal is a venue action which arose out of the same orignal suit out of which arose also the venue cause of Blackburn v. Sanders bearing the immediately preceding number to this action of 6300 and decided by this Court on this day, found reported in 258 S.W.2d 429. Both cases, being venue actions which arose out of the same original suit and between some of the same parties, were tried at the same time and before the same trial court without a jury, with the same result in that both pleas of privilege were overruled and appeals perfected. However, this action arose out of a cross-action filed in the original suit by defendant and cross-plaintiff, H. S. Dobbs, against defendant and cross-defendant, J. D. Blackburn, seeking judgment for a debt in the sum of $6,424.89 against him and other named cross-defendants. In his cross-action, Dobbs likewise named Sam Loomis individually and a partnership composed of Blackburn and Loomis as cross-defendants, as well as other named cross-defendants who are not material to this venue action. We refer to the preceding case of Blackburn v. Sanders for a full statement of the nature of the original suit as well as that venue action, although the

assignments of error presented here are entirely different from those presented in the former action.

In this action appellant, J. D. Blackburn, predicates his appeal solely upon a charge that appellee, H. S. Dobbs, has failed to file a valid controverting affidavit in that he has judicially admitted in his verified controverting affidavit that "no exception to exclusive venue in the county of one's residence exists in this case."

The record reveals that appellee's original controverting affidavit did inadvertently contain the said clause in the following language, "and no exception to exclusive venue in the county of one's residence provided by law exists in such cause", as charged by appellant. But on December 5, 1952, the date previously set by the trial court for a hearing on the plea of privilege, appellee and his counsel and appellant's counsel appeared in open court when appellant's counsel successfully sought a continuance of the hearing until January 7, 1953, because of the illness of appellant, and appellee's counsel then announced in open court the discovery of a clerical error by the use of the word "no" for the use of the word "an" in the clause quoted previously herein and apparently used three times in appellee's controverting affidavit. By agreement between counsel for appellant and counsel for appellee made in open court it was ordered that such clerical error be corrected. In its judgment announced and entered on December 5, 1952, the same being the day the correction agreement was made in open court by counsel for both parties and the continuance request of appellant was granted, the trial court entered its order granting the continuance and then further ordered the correction in the following language:

"* * * and it is the further order of the Court that the controverting affidavit of the Cross Plaintiff, H. S. Dobbs, be and the same is hereby authorized to be amended so as to correct error on the part of the scrivener in drawing said controverting affidavit in using the word 'no' when it was intended to use the word 'an' * * *."

After the correction was made by an amendment as agreed to by the parties through their attorneys and as thereafter expressly ordered by the court, the clause in question then read as follows:

"* * * and an exception to exclusive venue in the County of one's residence provided by law exists in this cause",

thus changing the meaning of the language used and reversing its effect.

The transcript reflects the correction twice made in the clause so used in appellee's controverting affidavit but apparently the correction was still inadvertently overlooked in the first use of the clause therein. However, the case was heard on January 7, 1953, more than a month after the correction was made by agreement, upon the theory and the pleadings as corrected and without any issue or complaint being there made about the correction having been made. In its findings and conclusions filed by the trial court at the request of appellant, it found in part that the original controverting affidavit of appellee contained a typographical error in the use of the word "no" for the word "an"; and that counsel for appellant Blackburn agreed to an amendment making the correction and approved as to form the order of the trial court of date December 5, 1952, correcting the typographical error before the said order was filed. The trial court concluded that the controverting affidavit as amended by agreement of the parties was sufficient under the law to support its judgment overruling the plea of privilege. Nowhere has appellant challenged the findings of the trial court or denied the agreement. Neither has he sought to show an prejudice to himself by reason of the correction.

Under the record before us it is our opinion that the agreement made in open court by appellant's counsel and entered of record as a result thereof by the trial court as reflected by the record before us is binding on appellant, who must not now be heard to complain about the matter. Rule 11, Texas Rules of Civil Procedure; Ingram v. Ingram, Tex.Civ.App., 249 S.W.2d 86; 33 Tex.Jur. 519, Sec. 87. It is our opin-

ion that the pleadings, as amended, and the record support the findings and conclusions of the trial court. For the reasons stated appellant's assignments of error are overruled and the judgment of the trial court is affirmed.