LOU B. STONNELL *et al.*, Plaintiffs-Appellees, v. INTERNATIONAL HARVESTER COMPANY, Defendant-Appellant.

First District (5th Division)   No. 84—0605

Opinion filed April 26, 1985.

Lord, Bissell & Brook, of Chicago, for appellant.

James T. J. Keating, of Chicago, for appellees.

PRESIDING JUSTICE MEJDA delivered the opinion of the court:

Pursuant to Supreme Court Rule 306(a)(1)(ii) (94 Ill. 2d R. 306(a)(1)(ii)), defendant, International Harvester Company, petitioned this court for leave to appeal from the circuit court's order denying its motion to dismiss the wrongful death action of plaintiffs, Lou B. Stonnell and Shirley May Stonnell, on the ground of *forum non conveniens*. Plaintiffs filed an answer to the petition and, on April 12, 1984, we allowed defendant's petition. Although plaintiffs have not submitted a brief, we elect to reach the merits of this appeal under

the principles enunciated by our supreme court in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

Plaintiffs are citizens and residents of New Zealand. On December 29, 1978, plaintiffs' 17-year-old son, Tony Warren Stonnell, was killed in a tractor accident which occurred in New Plymouth, New Zealand. The tractor was manufactured by defendant in Great Britain, and it was sold and maintained in New Zealand. On December 29, 1980, plaintiffs, individually and as next of kin and personal representatives of their son, filed an action in the circuit court of Cook County. Their complaint, based on theories of strict liability, express and implied warranties and negligence, alleged that defendant negligently and carelessly designed, manufactured, assembled, supplied, distributed and sold the tractor with a defective braking system. Plaintiffs sought damages for wrongful death, conscious pain and suffering of decedent prior to his death and funeral expenses. Defendant moved to dismiss plaintiffs' action on the ground of *forum non conveniens*. Plaintiffs opposed this motion, arguing that New Zealand was not an available alternative forum because, under the New Zealand Accident Compensation Act, plaintiffs' damages were limited to certain funeral expenses incurred. The trial court agreed and denied the motion to dismiss. We thereafter allowed defendant's petition for leave to appeal.

■ The doctrine of *forum non conveniens* presupposes the existence of more than one forum in which jurisdiction may be obtained over the parties and the subject matter of a case and in which the controversy may be tried. (*Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 364, 456 N.E.2d 98.) The alternative forum must have "power to hear the case" and "grant relief." (*Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 117, 427 N.E.2d 111; *Fender v. St. Louis Southwestern Ry. Co.* (1971), 49 Ill. 2d 1, 5, 273 N.E.2d 353.) The trial court determined that New Zealand was not an available alternative forum because, under the New Zealand Accident Compensation Act (the Act), plaintiffs cannot recover any damages for the wrongful death of their son except certain funeral expenses. We disagree.

Under the Act, plaintiffs cannot receive earnings-related compensation for their son's death unless they were "totally or partially dependent on the deceased person immediately before the time of the accident ***." (N.Z. Stat., No. 43, sec. 123(1)(c) (1972).) Since plaintiffs are unable to establish dependency, they are ineligible for such compensation. We note, however, that the Illinois Supreme Court has abolished the presumption of loss of earnings upon the death of a

child. (*Bullard v. Barnes* (1984), 102 Ill. 2d 505, 517, 468 N.E.2d 1228.) Henceforth, in wrongful death actions, damages for loss of a child's earnings may be recovered only "in the rare case where [it can be proved that] the child earned income that was used to support the family ***." (102 Ill. 2d 505, 517.) Plaintiffs conceded in the circuit court and in their answer to defendant's petition for leave to appeal that they cannot prove that they were totally or partially dependent on their deceased son. It would appear, therefore, that relegating plaintiffs to a New Zealand forum will not deprive them of any damages for lost earnings that they would otherwise receive in an Illinois forum applying Illinois law.

Moreover, the trial court apparently overlooked section 121 of the 1972 Act, which provides compensation for pecuniary loss not related to earnings. Section 121(2)(a) states in pertinent part:

"Where a person suffers personal injury by accident in respect of which he has cover under this Act, or where a person dies as a result of personal injuries so suffered, the [Accident Compensation] Commission, having regard to any other compensation payable, may—

(a) Pay to any member of the household of which the injured or deceased person was a member on the date of the accident such compensation as the Commission thinks fit for any quantifiable loss of service proved to have been suffered by the person to whom the payment is made as a result of the injury or death for such period as the Commission thinks fit, not being longer than the period for which that member could reasonably have expected to receive the service." N.Z. Stat., No. 43, sec. 121(2)(a) (1972).

In paragraph VIII of their first count, plaintiffs alleged that their son was killed on December 29, 1978, while he was "assisting his father *** with his *** agricultural business and was driving the [International Harvester] tractor to a crop spraying job." In paragraph IX, plaintiffs alleged, *inter alia*, that they were deprived of their son's "support and services." These allegations, if proved, may entitle plaintiffs to compensation under section 121(2)(a), which has been liberally construed by the New Zealand courts. (See, *e.g., Accident Compensation Com. v. Kivi* (1980), 2 N.Z.L.R. 385.) Although the amount of compensation payable under section 121(2)(a) may not equal the damages plaintiffs could recover in an action brought under the Illinois Wrongful Death Act, that possibility does not render New Zealand an "unavailable" forum. (*Piper Aircraft Co. v. Reyno* (1981), 454 U.S. 235, 70 L. Ed. 2d 419, 102 S. Ct. 252; *Wieser v. Missouri*

*Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 368, 456 N.E.2d 98; *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 123, 427 N.E.2d 111.) We conclude, therefore, that the trial court erred in denying defendant's motion to dismiss plaintiffs' cause of action on the ground that New Zealand was not an available alternative forum. This conclusion, however, does not necessarily require dismissal of plaintiffs' action.

■ The doctrine of *forum non conveniens*, as we have stated, presupposes the existence of more than one forum in which jurisdiction may be obtained over the parties and the subject matter of a case and in which the controversy may be tried. (*Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 364, 456 N.E.2d 98.) In the instant case, the trial court had no need to consider the relative convenience of various forums because of its finding that New Zealand was not an available alternative forum. In light of our holding that this finding was in error, we believe that this case must be remanded to the trial court with directions to determine whether New Zealand or any other available forum (defendant has also suggested Great Britain) is more convenient than Illinois. In making that determination, the court should be guided by the public and private interest factors enunciated in *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508-09, 91 L. Ed. 1055, 1062-63, 67 S. Ct. 839, 843. If, upon balancing those factors, the trial court finds that there is an available forum that is more convenient than Illinois, then the court may allow defendant's motion to dismiss plaintiffs' action on such terms and conditions as it deems appropriate. (See *Foster v. Chicago & North Western Transportation Co.* (1984), 102 Ill. 2d 378, 385, 466 N.E.2d 198; *Bailey v. Dolphin International, Inc.* (5th Cir. 1983), 697 F.2d 1268, 1280.) If, however, the court finds that Illinois is the most convenient forum, then it may deny defendant's motion to dismiss. We do not intimate any view as to the merits of defendant's motion to dismiss.

For the foregoing reasons, the order of the circuit court of Cook County denying defendant's motion to dismiss plaintiffs' action on the ground of *forum non conveniens* is reversed and the cause is remanded with directions.

Reversed and remanded with directions.

SULLIVAN and PINCHAM, JJ., concurs.