**Kim Gertrud Irmgard FELTHAM, Individually and as Natural Guardian and Next Friend of Graham Lloyd Feltham, and Ryan Alexander Feltham, Individually and as Personal Representative of the Estate of Steven Lloyd Feltham, and Frank Joseph Yurkowski, Appellants,**

v.

**BELL HELICOPTER TEXTRON, INC., Textron, Inc., Hydraulic Research Textron, Inc., Ronson Hydraulics Unit Corporation, and Kaiser Aerospace & Electronics Corp., Appellees.**

No. 2–99–095–CV.

Court of Appeals of Texas, Fort Worth.

March 22, 2001.

Bourland, Kirkman, Seidler & Evans;
David L. Evans, Thomas M. Michel, Fort
Worth, Texas, Attorney for Appellants.

Kirkley Schmidt & Cotten, L.L.P.;
James L. Burt, III, Fort Worth, Texas,
Attorney for Appellees Bell Helicopter
Textron Inc. and Textron, Inc.

Rose–Walker, L.L.P., Martin E. Rose,
Nona Walker, Dallas, Texas, Attorney for
Appellees Hydraulic Research Textron,
Inc., Ronson Hydraulics Unit Corp., and
Kaiser Aerospace & Electronics Corp.

Panel B: LIVINGSTON and
HOLMAN, JJ., and HILL, J., (Retired,
Sitting by Assignment).

## OPINION

HILL, Justice.

Appellants, Kim Gertrud Irmgard Feltham, individually and as natural guardian and next friend of Graham Lloyd Feltham, and Ryan Alexander Feltham, individually and as personal representative of the estate of Steven Lloyd Feltham, and Frank Joseph Yurkowski, intervenor, appeal from the trial court's order dismissing their wrongful death action brought against Bell Helicopter Textron, Inc., (Bell Helicopter); Textron, Inc., (Textron); Hydraulic Research Textron, Inc.; Ronson Hydraulics Unit Corporation (Ronson Hydraulics); and Kaiser Aerospace & Electronics Corporation (Kaiser). Both Ronson Corporation and Ronson Hydraulics answered the suit in response to the allegations against Ronson Hydraulics. The trial court dismissed the case as to all appellees in response to Textron's and Bell Helicopter's motion to dismiss based upon the doctrine of forum non conveniens.

The appellants contend in four issues on appeal that: (1) the trial court abused its discretion in dismissing the lawsuit as to all defendants on the basis of forum non conveniens when only two of five defendants moved to dismiss on that ground; (2) there is no evidence or factually insufficient evidence that a dismissal on the ground of forum non conveniens as to the nonmoving defendants or Bell Helicopter and Textron was in the interest of justice; (3) the case should be reversed and remanded to the trial court, in light of the settlement of the intervenors' claims and the dismissal of their appeal, to determine if the dismissal of the appellants' case was in the interest of justice; and (4) the trial court erred in granting Ronson Corporation's special appearance because the evidence proved that Ronson Corporation was subject to the jurisdiction of this court under both specific and general jurisdiction theories.

We affirm because the trial court did not abuse its discretion by dismissing the appellants' claims as to Bell Helicopter and Textron on the basis of forum non conveniens, nor as to those defendants who were not parties to the motion. Because of this determination, it is unnecessary to consider the appellants' contention that the trial court erred in its ruling as to Ronson Corporation's special appearance.

The appellants are the survivors and personal representative of Steven Lloyd

Feltham, who was tragically killed in the crash of a Bell 206L helicopter in January 1996. All of the appellants are Canadian residents and citizens, and the helicopter was manufactured, sold, maintained, and operated in Canada. The deceased pilot was a resident and citizen of Canada. Canadian authorities investigated the crash. The rotor system and the transmission of the helicopter were manufactured in Tarrant County. There is a dispute as to whether the servo actuator, a part of the helicopter that the appellants contend was defective, was designed in Texas or in North Carolina, but there is no dispute that it was manufactured in the United States in a state other than Texas. Bell Helicopter designed the aircraft in Texas many years ago, and there are some records and witnesses connected with that design who reside in this state, although some of these witnesses have died or are retired.

 The appellants contend in issue two that the trial court abused its discretion by dismissing this case against Bell Helicopter and Textron on the ground of forum non conveniens because the evidence did not show that such a dismissal was in the interest of justice.

Texas law, as it pertains to the doctrine of forum non conveniens, is set forth in the Texas Civil Practice and Remedies Code section 71.051. TEX. CIV. PRAC. & REM.CODE ANN. § 71.051 (Vernon Supp.2001). Subsection (a) applies to plaintiffs who are not legal residents of the United States. That subsection provides that a trial court may dismiss a claim based upon the doctrine of forum non conveniens if it finds that in the interest of justice a claim would be more properly heard in a forum outside this state.

 The applicable standard of our review is whether the trial court abused its discretion. *Baker v. Bell Helicopter Tex-*

*tron, Inc.,* 985 S.W.2d 272, 277 (Tex.App.— Fort Worth 1999, pet. denied). To determine whether the trial court abused its discretion, we must decide whether it acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable. *Id.* Subsection (b) of section 71.051 includes certain factors that the movant must establish in order to have a case dismissed upon the doctrine of forum non conveniens where the plaintiff is a legal resident of the United States. TEX. CIV. PRAC. & REM.CODE ANN. § 71.051(b). In such a case, the movant must prove by a preponderance of the evidence that:

(1) an alternative forum exists in which the claim or action may be tried;

(2) the alternate forum provides an adequate remedy;

(3) maintenance of the claim or action in the courts of this state would work a substantial injustice to the moving party;

(4) the alternate forum, as a result of the submission of the parties or otherwise, can exercise jurisdiction over all the defendants properly joined to the plaintiff's claim;

(5) the balance of the private interest of the parties and the public interest of the state predominate in favor of the claim or action being brought in the alternate forum; and

(6) the stay or dismissal would not result in unreasonable duplication or proliferation of litigation.

 Although these factors are not controlling where the plaintiff is not a resident of the United States, they are still instructive in our determination of whether the trial court abused its discretion by dismissing the appellants' claims based upon the doctrine of forum non conveniens. *Baker, 985 S.W.2d* at 277.

■ We first consider whether an alternative forum exists in which the claim or action may be tried and whether the alternate forum provides an adequate remedy. Canada is a nation with courts rooted, as are ours, in the common law. There is a presumption that foreign law is the same as that of Texas, in the absence of pleading and proof of such law. *Jacobs v. Theimer*, 519 S.W.2d 846, 851 (Tex.1975). The appellants presented the affidavit of Arthur Ellis Vertlieb, a barrister and solicitor from Vancouver, British Columbia, to the effect that the Supreme Court of British Columbia has no power, under either the British Columbia *Rules of Court* or its inherent jurisdiction, to compel witnesses who are residents of the United States to attend and give evidence for the purposes of trial or discovery in an action pending in British Columbia. While this could create problems of proof with respect to the appellants' claims, it does not constitute evidence that the forum is inadequate because the appellees will have similar problems in the event that the case is tried in Texas. Insofar as we know, Texas state courts have no power to compel such testimony either. We know, by reference to Rule 201.1 of the Texas Rules of Civil Procedure, that Texas courts have procedures by which depositions may be taken in foreign jurisdictions for use in Texas proceedings, assuming those procedures are permitted or recognized by the law of the state or foreign jurisdiction where the witness is located. We also know that Texas courts honor a mandate, writ, or commission from the court of record of any other state or foreign jurisdiction that requires a witness's oral or written deposition testimony in Texas. TEX.R. CIV. P. 201.2. There is no evidence showing that Canadian courts would not, upon request, issue such a mandate, writ, or commission that requires a witness's oral or written deposition testimony in the state of Texas. Even if, as the appellants' evidence indicates, the Canadian court has no power to compel the testimony, presumably the courts of this state could compel the testimony under the authority of Rule 201.2. We hold that the trial court could reasonably have determined that an alternative forum exists in which the claim or action might be tried, and that the alternate forum provides an adequate remedy.

We next consider whether there has been a showing that maintenance of the claim or action in Texas would work a substantial injustice to the moving party. The appellees speak of potential difficulties in reaching assets in the event of obtaining an indemnity judgment against the appellants in connection with their settlement with the intervenors, and of difficulty in obtaining evidence that would only be available in Canada. Because of the nature of their claims, the appellants would reasonably be expected to have similar difficulties if the case were moved to Canada. We conclude, therefore, that one could not reasonably determine that maintaining the suit in Texas, the home location of Bell Helicopter, would work a substantial injustice either to it or one of its related companies.

We next consider whether the alternate forum, as a result of the submission of the parties or otherwise, can exercise jurisdiction over all the defendants properly joined to the appellants' claims. The trial court's dismissal order is conditioned on a requirement that Textron, Bell Helicopter, and Kaiser stipulate on the record that they will not assert the defense of statute of limitations, or contest jurisdiction, should the appellants' claims be refiled in an appropriate Canadian court. Each of those parties, in addition to Ronson Hydraulics, has filed a written stipulation to that effect. We therefore hold that it

would be reasonable to find that the alternate forum would have jurisdiction over all the defendants properly joined to the appellants' claims.

Private interests of the parties that may be considered by the trial court in connection with the doctrine of forum non conveniens may include the following: (1) relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining attendance of willing witnesses; (3) the possibility of viewing the premises, if appropriate to the action; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). Public interests that may be considered include: (1) administrative difficulties caused by litigation not handled at its origin; (2) jury duty imposed upon people of a community that has no relation to the litigation; (3) inability of people whose affairs may be touched by litigation to learn of it other than by way of report if trial is held in a remote part of the country; (4) local interest in having localized controversies decided at home; and (5) the appropriateness of having a trial in a diversity case in a forum that is familiar with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws and in law that is foreign. *Id.* at 508–09, 67 S.Ct. at 843.

The nature of the appellants' claims is such that they would reasonably have more difficult access to proof if their claim is heard in Canada, even though it is their home, the home of the helicopter, and the location of the crash, than if it were heard in Texas, whereas the appellees would have greater difficulty in Texas, even though it is the home location of Bell Helicopter. Each would likewise have difficulty with respect to compulsory process or cost of obtaining testimony from outside the jurisdiction, depending on whether the claims are heard in Texas or Canada. If there were to be a viewing of the premises it would be in Canada, but there is no showing that there is any reasonable likelihood of the necessity of such a viewing.

It would appear that there would be administrative difficulties involved in the case whether it is heard here or in Canada. Jury duty would be imposed on the citizens of Tarrant County, even though the county has little to do with the litigation, other than that Bell Helicopter has its headquarters here. Canada would have an interest in maintaining air safety within its borders. Texas would also have an interest in the safety of Bell Helicopter's products. There is no indication that those affected by the litigation would have to learn of it only by report. Also, there may very well be conflict of law problems presented regardless of where the case is tried.

There is no indication that the dismissal would result in unreasonable duplication or proliferation of litigation. Given the facts that were before the trial court, and the various factors that relate to a determination of the issue, we cannot conclude that the trial court, in making the determination that in the interest of justice the appellants' claim or action would be more properly heard in a forum outside this state, was acting without reference to any guiding rules or principles, or that its determination was arbitrary or unreasonable.

The appellants note that the appellees did not identify any witnesses from Canada that they might need, but the facts that were before the court would lead to the reasonable conclusion that there would be a number of Canadian witnesses involved in this trial if it were held in Canada. The appellants also argue that the site of the

accident has never been the key in determining a motion for forum non conveniens. They rely on the cases of *In re Air Crash Disaster Near Chicago, Ill.*, 644 F.2d 594, 615 (7th Cir.1981), *cert. denied*, 454 U.S. 878, 102 S.Ct. 358, 70 L.Ed.2d 187 (1981) and *Baird v. Bell Helicopter Textron, Inc.*, 491 F.Supp. at 1129 (N.D.Tex.1980). Neither of these cases supports the appellants' argument, and both are distinguishable.

Both cases involve choice of law issues, rather than forum non conveniens issues. In *Air Crash Diaster Near Chicago*, the court stated that the place of injury in air crash disasters is largely fortuitous and that in the case of a flight from Chicago to Los Angeles the place of injury could have been in any of the states between Illinois and California. *Air Crash Disaster Near Chicago*, 644 F.2d at 615. The case at bar does not involve a flight destined to leave Canada. Consequently, the place of injury was not fortuitous. The court ultimately held that where there is a true conflict between laws of states having an equal interest in the issue of punitive damages, and when the place of injury has a strong interest in air safety and in protection of air transportation corporations, the law of the place of injury will apply. *Id.* at 616. This case is not in conflict with our holding as to this issue.

The case of *Baird v. Bell Helicopter* is also a conflict of laws case. *Baird*, 491 F.Supp. at 1131. In *Baird*, the plaintiffs were Canadian citizens, and the helicopter was a Bell helicopter that crashed in Surinam. *Id.* at 1132. The case was brought in federal court in Texas. *Id.* at 1129. The court applied Canadian law to certain issues and Texas law to others. *Id.* at 1131. We find nothing in this case that is inconsistent with our holding with respect to this issue.

The appellants argue that the site where the product was designed is important and that the site where the components were manufactured is not important. However important each might be, it is ultimately the trial court's discretion to consider the motion concerning forum non conveniens based upon all of the considerations that we have outlined. We hold that in doing so, the trial court did not abuse its discretion. We overrule issue two.

■ The appellants urge in issue one that the trial court erred in dismissing their claims as to all of the defendants rather than only dismissing as to those who requested dismissal pursuant to the motion. Section 71.051(a) of the Texas Civil Practices and Remedies Code provides that in cases involving a plaintiff who is not a legal resident of the United States, a Texas court, upon motion of a party, may decline to exercise jurisdiction and may stay or dismiss the claim or action in whole or in part on any conditions that may be just. We interpret this provision as authorizing the trial court to dismiss the entire action based upon the motion of a single party. The appellants refer us to the lack of a stipulation by certain of the defendants that they would not assert statute of limitations and would not contest jurisdiction. Following an abatement of this cause, such a stipulation is now in the record. We overrule issue one.

The appellants urge us, in issue three, to reverse and remand to the trial court to determine if a dismissal of their case is in the interest of justice, in light of the settlement of the claims of all intervenors other than Frank Joseph Yurkowski and the dismissal of their appeals. The only supporting authority for their suggestion is that where error of any type is present, we are authorized to remand a case in the interest of justice. They then restate their contention that it was error to grant the motion to dismiss as to the defendants who did not make the motion to do so. As noted in our

discussion of the prior issue, we do not hold that the trial court erred in dismissing those parties on the basis of forum non conveniens, even though it was only Bell Helicopter and Textron who made the motion. We overrule issue three.

The appellants insist in issue four that the trial court erred in granting the special appearance of Ronson Corporation because the evidence proved that Ronson Corporation was subject to the jurisdiction of this court under the theories of both specific and general jurisdiction. In view of our determination that the trial court did not err in dismissing all defendants based upon the doctrine of forum non conveniens, we need not decide issue four.

We affirm the trial court's order dismissing the appellants' claims as to all defendants based upon the doctrine of forum non conveniens.