Graciela GOMEZ DE HERNANDEZ,
et al., Appellants,

v.

BRIDGESTONE/FIRESTONE NORTH
AMERICAN TIRE, L.L.C., et al.,
Appellees.

No. 13–04–412–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

April 6, 2006.

Rehearing En Banc Overruled
Nov. 9, 2006.

See also 193 S.W.3d 220.

Ramon Garcia, Victor M. Carrera, Reed, Carrera & McClain, L.L.P., Edinburg, Rosendo Almaraz, Jr., Law Office of Ezequiel Reyna, Jr., LLP, Weslaco, Rebecca E. Hamilton, Dallas, for appellants.

Douglas Pritchett, Phillip B. Dye, Vinson & Elkins, Houston, Craig A. Morgan, Austin, D. Bradley Dickinson, Dickinson & Associates, Dallas, for appellees.

Before Chief Justice VALDEZ and Justices HINOJOSA and RODRIGUEZ.

## OPINION[1]

Opinion by Justice RODRIGUEZ.

This appeal arises from (1) a trial court order granting summary judgment in fa-

---

1. On June 16, 2005, we granted appellants' motion to consolidate this appeal, cause number 13–04–00412–CV, with cause number 13–03–00728–CV. However, due to the independent nature of the cases, two opinions will be handed down. For the text of the second opinion, see *Graciela Gomez de Hernandez, Individually, as Personal Representative of the Estate of Jose Angel Hernandez Gonzales, and as Next Friend of Her Children, Jose Angel*

vor of appellee Houston Auto Auction, Inc. (HAA), and (2) a trial court order dismissing the remainder of the underlying suit on the basis of forum non conveniens with respect to appellees Bridgestone/Firestone North American Tire, L.L.C., f/k/a Bridgestone/Firestone, Inc. (B/F), Ford Motor Company (Ford), and Eleazar Perez d/b/a Progresso Motors (PM) in this products liability action. By four issues, appellants, Graciela Gomez de Hernandez, individually, as personal representative of the estate of Jose Angel Hernandez Gonzales, and as next friend of her children, Jose Angel Hernandez Gomez and Elizabeth Hernandez Gomez, Victor Manuel Maldonado Castanon, Pedro Alfonso Castillo Cardenas, Jacinto Loyde Frayde, Guillermo Mujica Gutierrez, Marta Covarrubias Gutierrez, and Juan Lorenzo Gutierrez Hernandez, contend the following: (1) the trial court erred in granting summary judgment in favor of HAA; (2) the trial court abused its discretion when it dismissed the remainder of the suit with respect to B/F, Ford, and PM on the basis of forum non conveniens; and (3) the evidence was legally and factually insufficient to support the trial court's implied findings of fact and dismissal on forum non conveniens grounds. We affirm.

## I. Background

Appellee HAA filed an amended motion for summary judgment, which the trial court granted in its favor and against all plaintiffs. In addition, pursuant to a settlement agreement, plaintiffs and Texas residents Arely Hernandez, Olvido Hernandez, and Juan Hernandez filed an agreed joint motion to dismiss their claims as to defendants B/F, Ford, and PM. The

trial court granted the motion and severed their claims from the underlying suit. Finally, appellees B/F and Ford each filed an amended motion to dismiss on the basis of forum non conveniens. The trial court granted the dismissal on the basis of forum non conveniens as to B/F, Ford, and PM.

## II. Motion for Summary Judgment

By their fourth issue, appellants contend the trial court erred in granting appellee HAA summary judgment as to all claims. Appellants first suggest that because HAA failed to seek summary judgment as to their claim for strict products liability, it remains a viable theory of recovery in the trial court. However, by its first amended motion for summary judgment, HAA moved for summary judgment on each of the claims pleaded by appellants, including negligence, breach of warranty, *and* strict products liability. Therefore, appellants' assertion that HAA failed to seek summary judgment as to strict products liability is without merit.

■ Appellants' sole remaining contention on appeal with respect to appellee HAA is that the trial court erred in granting summary judgment in favor of HAA on their malice claim. In their petition, appellants alleged that HAA's failure to replace the recalled Firestone ATX tire on the vehicle in question constituted malice, and therefore, entitled appellants to recover exemplary damages. Section 41.003 of the Texas Civil Practice and Remedies Code entitles a plaintiff to recover exemplary damages if the plaintiff proves by clear and convincing evidence that the

*Hernandez Gomez and Elizabeth Hernandez Gomez, Victor Manuel Maldonado Castanon, Pedro Alfonso Castillo Cardenas, Jacinto Loyde Frayde, Guillermo Mujica Gutierrez, Marta Covarrubias Gutierrez, and Juan Lorenzo Gutier-* *rez Hernandez v. New Texas Auto Auction Services, L.P., d/b/a Big H Auto Auction*, 193 S.W.3d 220, (Tex.App.-Corpus Christi 2006, no pet. h.).

harm with respect to which the claimant seeks recovery of exemplary damages results from malice. *See* Act approved Apr. 20, 1995, 74th Leg., R.S., ch. 19, § 1, sec. 41.003, 1995 Tex. Gen. Laws 108, 110, *amended by* Act approved June 11, 2003, 78th Leg., R.S., ch. 204, § 13.04, sec. 41.003, 2003 Tex. Gen. Laws 847, 888.[2] In addition, section 41.002(a) indicates that chapter 41 of the civil practice and remedies code applies only in relation to a cause of action. *See* Act approved Apr. 20, 1995, 74th Leg., R.S., ch. 19, § 1, sec. 41.002(a), 1995 Tex. Gen. Laws 108, 109, *amended by* Act approved June 11, 2003, 78th Leg., R.S., ch. 204, § 13.03, sec. 41.002(a), 2003 Tex. Gen. Laws 847, 888.[3] Here, appellants sought recovery of exemplary damages, predicated on malice, in relation to their strict products liability, negligence, and breach of warranty causes of action. Because the trial court granted HAA summary judgment on all of appellants' causes of action, and appellants do not challenge the granting of summary judgment on any of those grounds, there is no cause of action in relation to which malice may serve as a predicate for exemplary damages. Therefore, appellants' allegation of malice as a predicate for exemplary damages is no longer viable. *See id.* Thus, we overrule appellants' fourth issue.

## III. Forum Non Conveniens

By their first, second, and third issues, appellants contend the trial court abused its discretion by dismissing the remainder of the lawsuit on the basis of forum non conveniens.

### A. Standard of Review

 In evaluating a trial court's dismissal of a suit based on forum non conveniens, we apply an abuse of discretion standard of review. *Jones v. Raytheon Aircraft Servs.*, 120 S.W.3d 40, 43 (Tex. App.-San Antonio 2003, pet. denied); *Baker v. Bell Helicopter Textron, Inc.*, 985 S.W.2d 272, 277 (Tex.App.-Fort Worth 1999, pet. denied). A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to any guiding rules or principles. *Jones*, 120 S.W.3d at 43 (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)). The mere fact that a trial court may decide a matter within its discretion differently than an appellate court in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Jones*, 120 S.W.3d at 43; *Baker*, 985 S.W.2d at 277.

### B. The Law

 Texas law relating to the doctrine of forum non conveniens in personal injury and wrongful death cases is governed by section 71.051 of the Texas Civil Practice and Remedies Code.[4] The doc-

2. Section 41.003 of the Texas Civil Practice and Remedies Code was amended in 2003. However, because the underlying lawsuit was filed in 2002, the version of section 41.003 that applies to the instant case is that which went into effect on September 1, 1995.

3. Section 41.002(a) of the Texas Civil Practice and Remedies Code was amended in 2003. However, because the underlying lawsuit was filed in 2002, the version of section 41.002(a) that applies to the instant case is that which went into effect on September 1, 1995.

4. Section 71.051 of the Texas Civil Practice and Remedies Code was established by the legislature in 1993 and amended in 1995, 1997, 2003, and 2005. *See* Act approved Mar. 4, 1993, 73rd Leg., R.S., ch. 4, § 1, 1993 Tex. Gen. Laws 10, 10–12, *amended by* Act approved June 14, 1995, 74th Leg., R.S., ch. 567, § 1, 1995 Tex. Gen. Laws 3363, 3363–64; Act approved May 29, 1997, 75th Leg., R.S., ch. 424, § 1, 1997 Tex. Gen. Laws 1680, 1680–82; Act approved June 11, 2003, 78th Leg., R.S., ch. 204, §§ 3.04, 3.09, 2003 Tex. Gen. Laws 847, 854–55; Act approved May

trine of forum non conveniens is an equitable doctrine exercised by courts to resist the imposition of an inconvenient forum on a litigant. *Jones,* 120 S.W.3d at 44 (citing *Baker,* 985 S.W.2d at 274). A court may dismiss a case on the basis of forum non conveniens even if jurisdiction is proper. *Id.*

The version of section 71.051 applicable in this case establishes two bases for the dismissal of a claim or action on forum non conveniens grounds: subsection (a) and subsection (b). *See* Act approved May 29, 1997, 75th Leg., R.S., ch. 424, § 1, sec. 71.051, 1997 Tex. Gen. Laws 1680, 1680–82, *amended by* Act approved June 11, 2003, 78th Leg., R.S., ch. 204, §§ 3.04, 3.09, 2003 Tex. Gen. Laws 847, 854–55; *Jones,* 120 S.W.3d at 44; *Baker,* 985 S.W.2d at 275. Subsection (a) applies only to plaintiffs who are not legal residents of the United States and reads as follows:

> With respect to a plaintiff who is not a legal resident of the United States, if a court of this state, on written motion of a party, finds that in the interest of justice a claim or action to which this section applies would be more properly heard in a forum outside this state, the court may decline to exercise jurisdiction under the doctrine of forum non conveniens and may stay or dismiss the claim or action in whole or in part on any conditions that may be just.

*See* Act approved May 29, 1997, 75th Leg., R.S., ch. 424, § 1, sec. 71.051, 1997 Tex. Gen. Laws 1680, 1680–82 (amended 2003). Subsection (b) applies only to plaintiffs who are legal residents of the United States and provides the following:

> With respect to a plaintiff who is a legal resident of the United States, on written motion of a party, a claim or action … may be stayed or dismissed in whole or in part … if the party seeking to stay or dismiss … proves by a preponderance of the evidence that:
>
> (1) an alternative forum exists in which the claim or action may be tried;
>
> (2) the alternate forum provides an adequate remedy;
>
> (3) maintenance of the claim or action in the courts of this state would work a substantial injustice to the moving party;
>
> (4) the alternate forum, as a result of the submission of the parties or otherwise, can exercise jurisdiction over all the defendants properly joined to the plaintiff's claim;
>
> (5) the balance of the private interests of the parties and the public interest of the state predominate in favor of the claim or action being brought in an alternate forum; and
>
> (6) the stay or dismissal would not result in unreasonable duplication or proliferation of litigation.

*Id.*

While the Forth Worth Court of Appeals has held that the factors enumerated in subsection (b) are instructive, though not controlling, in determining whether a trial court abused its discretion in dismissing an appellant's claims pursuant to subsection (a), *see Baker,* 985 S.W.2d at 277, the San Antonio Court of Appeals has rejected that conclusion stating that such "reasoning does not give effect to the plain differences in the statutes." *See Jones,* 120 S.W.3d at 45 n. 4. We agree with the San Antonio Court of Appeals in that the plain language of the statute is such that subsection

30, 2005, 79th Leg., R.S., ch. 248, § 1, 2005 Tex. Sess. Law Serv. 448, 448–49. Because the underlying suit was filed in 2002, we apply the version of section 71.051 which

became effective on May 29, 1997 to this case. *See* Act approved May 29, 1997, 75th Leg., R.S., ch. 424, § 1, 1997 Tex. Gen. Laws 1680, 1680–82 (amended 2003).

(a) neither incorporates nor requires the consideration of the factors specifically enumerated in subsection (b). *See* Act approved May 29, 1997, 75th Leg., R.S., ch. 424, § 1, sec. 71.051, 1997 Tex. Gen. Laws 1680, 1680–82 (amended 2003); *Jones,* 120 S.W.3d at 45. Instead, subsection (a) expressly requires the trial court to consider (1) the interest of justice and (2) whether a claim or action would be more properly heard in a forum outside this State in determining whether to dismiss a non-resident's claim or action under the doctrine of forum non conveniens. *See* Act approved May 29, 1997, 75th Leg., R.S., ch. 424, § 1, sec. 71.051, 1997 Tex. Gen. Laws 1680, 1680–82 (amended 2003).

### C. Analysis

■ By their first issue, appellants contend the trial court abused its discretion, as a matter of law, in dismissing B/F, Ford, and PM from the suit on the basis of forum non conveniens because (1) some of the claimants in the underlying action were Texas residents and appellants pro-duced prima facie evidence that the cause of the injury in question occurred in Texas, (2) the motion to dismiss was heard less than thirty days before the trial setting, (3) the trial court disregarded the common law when making its determination to dismiss on grounds of forum non conveniens, and (4) the trial court's extensions of mandatory time limits were not for good cause shown.[5]

■ By their first sub-issue, appellants contend the trial court abused its discretion, as a matter of law, by dismissing B/F, Ford, and PM from the suit on the basis of forum non conveniens because (1) some of the claimants in the underlying action were Texas residents and (2) because appellants produced prima facie evidence that the cause of the injury in question occurred in Texas. Appellants' contention is based on a prior version of section 71.051(f) of the Texas Civil Practice and Remedies Code that rests on the applicability of subsection (b).[6] However, subsection (b) does not apply to the in-

---

**5.** Appellants also assert that the trial court abused its discretion, as a matter of law, because (1) the movants failed to attach written stipulations and (2) a violation of Texas law was at issue, precluding dismissal on forum non conveniens grounds. However, these contentions were based on a former version of section 71.051 of the Texas Civil Practice and Remedies Code, *See* Act approved June 14, 1995, 74th Leg., R.S., ch. 567, § 1, sec. 71.051, 1995 Tex. Gen. Laws 3363, 3363–64 (amended 1997), which is inapplicable in this case. Therefore, we do not address those subissues. In addition, appellants contend the trial court abused its discretion because one of the three dismissed defendants did not move for dismissal under the doctrine of forum non conveniens. However, appellants failed to raise this complaint in the trial court below. Therefore, it is not before us. *See* Tex.R.App. P. 33.1(a) (providing that as a prerequisite to presenting a complaint for appellate review, the record must show that a complaint was made to the trial court by a timely request, objection, or motion). More-

over, subsection (a) does not require that each defendant file a written motion before a trial court may dismiss an action in whole. Instead, subsection (a) authorizes a trial court to dismiss an entire action involving multiple defendants on the motion of a single defendant. *See* Act approved May 29, 1997, 75th Leg., R.S., ch. 424, § 1, sec. 71.051, 1997 Tex. Gen. Laws 1680, 1680–82 (amended 2003) (providing that "on written motion of a party . . . the court may decline to exercise jurisdiction under the doctrine of forum non conveniens and may stay or dismiss the claim or action in whole or in part. . . ."); *Feltham v. Bell Helicopter Textron, Inc.,* 41 S.W.3d 384, 390 (Tex.App.-Fort Worth 2001, no pet.).

**6.** Appellants rely on the version of 71.051(f) which became effective in 1995, rather than on the applicable version of 71.051 that became effective on May 29, 1997. The prior version of 71.051(f) relied on by appellants provided that a court could not dismiss an action pursuant to subsection (b) if (1) a claimant in the action who was properly

stant case. As previously noted, subsection (b) applies only to claims or actions wherein the plaintiffs are residents of the United States. *See* Act approved May 29, 1997, 75th Leg., R.S., ch. 424, § 1, sec. 71.051, 1997 Tex. Gen. Laws 1680, 1680–82 (amended 2003). At the time the trial court dismissed the remainder of the suit on forum non conveniens grounds, the only plaintiffs in the action were residents of Mexico, not of the United States.[7] Therefore, the trial court dismissed the suit pursuant to subsection (a) rather than to subsection (b). Because subsection (b) is not applicable to this case, appellants' contention has no support. Thus, the trial court did not abuse its discretion in this respect.

■ Through their second sub-issue, appellants contend the trial court abused its discretion, as a matter of law, by hearing the motions to dismiss for forum non conveniens less than thirty days prior to trial. Subsection (d) states in pertinent part that "in no case shall the hearing be held less than thirty days prior to trial." *See* Act approved May 29, 1997, 75th Leg., R.S., ch. 424, § 1, sec. 71.051, 1997 Tex. Gen. Laws 1680, 1680–82 (amended 2003). The trial for the underlying suit was set for March 22, 2004, and the hearing on the motions to dismiss on the basis of forum non conveniens was set for February 18, 2004. On February 17, 2004, the parties filed (1) an agreement resetting the hearing on the motions to dismiss on forum non

---

joined was a legal resident of this state or (2) a party opposing the motion under subsection (b) alleged and made a prima facie showing that an act or omission that was a proximate or producing cause of the injury or death occurred in the State of Texas. *See* Act approved June 14, 1995, 74th Leg., R.S., ch. 567, § 1, sec. 71.051, 1995 Tex. Gen. Laws 3363, 3363–64 (amended 1997). Based on the amendments to section 71.051, which became effective on May 29, 1997, the previous version of subsection (f) relied on by appellants was partitioned into subsections (e) and (f) and re-written as follows:

> (e) The court may not stay or dismiss a plaintiff's claim under Subsection (b) if the plaintiff is a legal resident of this state. If an action involves both plaintiffs who are legal residents of this state and plaintiffs who are not, the court may not stay or dismiss the action under Subsection (b) if the plaintiffs who are legal residents are properly joined in the action and the action arose out of a single occurrence. . . .
> (f) A court may not stay or dismiss a claim or action pursuant to Subsection (b) if a party opposing the motion under Subsection (b) alleges and makes a prima facie showing that an act or omission that was a proximate or producing cause of the injury or death occurred in this state. . . .

*See* Act approved May 29, 1997, 75th Leg., R.S., ch. 424, § 1, sec. 71.051, 1997 Tex. Gen. Laws 1680, 1680–82 (amended 2003).

7. The trial court dismissed the remainder of the suit on forum non conveniens grounds on May 5, 2004. At that time all of the plaintiffs were residents of Mexico. The Texas/United States residents who were plaintiffs in the underlying suit had settled their claims with defendants B/F, Ford, and PM. The trial court granted their motion to dismiss and severed their claims from the remainder of the lawsuit on February 18, 2004.

Although appellants assert that a trial court should evaluate a motion for dismissal on forum non conveniens grounds considering the facts and status of the parties as they existed at the time the suit was filed, we disagree. Appellants rely on *Dart v. Balaam*, 953 S.W.2d 478, 482 (Tex.App.-Fort Worth 1997, no pet.), to support their assertion. However, the court in *Dart* does not provide persuasive authority to support the proposition advanced by appellants. *See id.* Moreover, at least one court of appeals has considered a change in the status of parties following the filing of a suit when reviewing a trial court's dismissal of an action on forum non conveniens grounds. *See Jones v. Raytheon Aircraft Servs.*, 120 S.W.3d 40, 43, 45 (Tex.App.-San Antonio 2003, pet. denied) (considering a change in the status of parties following the granting of summary judgment in favor of a defendant in the underlying suit). Therefore, we decline to apply the summary conclusion reached in *Dart* to the facts of this case.

conveniens grounds to March 10, 2004, and (2) an agreed notice of continuance of trial, resetting the trial date to September 27, 2004. Although the trial court did not sign an order granting the reset dates, it conducted the hearing on the motions to dismiss on forum non conveniens grounds on March 10th, as agreed to by the parties. On appeal, appellants contend the trial court erred in conducting the hearing on March 10th because without a signed order continuing the trial to September 27th, the March 22nd trial date, which was less than thirty days from the date of the hearing, still stood. However, even assuming, without determining, that the March 22nd trial date was valid, we conclude that appellants cannot be heard to complain of this matter on appeal. *See Blackburn v. Dobbs,* 258 S.W.2d 432, 433 (Tex.Civ.App.-Amarillo 1953, writ dism'd w.o.j.) (providing that a rule 11 agreement entered into by counsel is binding on appellant, "who must not now be heard to complain about the matter"); *Ingram v. Ingram,* 249 S.W.2d 86, 89 (Tex.Civ.App.-Galveston 1952, no writ) (concluding that a litigant on appeal may not seek a reversal for error which he himself has committed or invited). Here, the parties had enforceable rule 11 agreements resetting the hearing and trial dates. *See* Tex.R. Civ. P. 11 (providing that an agreement between attorneys or parties is enforceable if it is in writing, signed, and filed as part of the record). At no time did appellants object to the March 10th hearing or vitiate their consent to their two agreements with appellees. Therefore, assuming, without determining, that there was error by the trial court, such error was invited by appellants. *See Blackburn,* 258 S.W.2d at 433; *Ingram,* 249 S.W.2d at 89. As a result, they cannot now be heard to complain on appeal as to this sub-issue. *See Blackburn,* 258 S.W.2d at 433; *Ingram,* 249 S.W.2d at 89.

■ By their third sub-issue, appellants contend that the trial court abused its discretion, as a matter of law, by disregarding the common law elements of forum non conveniens in its determination of the motions. We disagree. Texas law on forum non conveniens in personal injury and wrongful death cases has had a statutory basis since 1993. *See* Act approved Mar. 4, 1993, 73rd Leg., R.S., ch. 4, § 1, sec. 71.051, 1993 Tex. Gen. Laws 10, 10–12, *amended by* Act approved June 14, 1995, 74th Leg., R.S., ch. 567, § 1, sec. 71.051, 1995 Tex. Gen. Laws 3363, 3363–64; Act approved May 29, 1997, 75th Leg., R.S., ch. 424, § 1, sec. 71.051, 1997 Tex. Gen. Laws 1680, 1680–82; Act approved June 11, 2003, 78th Leg., R.S., ch. 204, §§ 3.04, 3.09, sec. 71.051, 2003 Tex. Gen. Laws 847, 854–55; Act approved May 30, 2005, 79th Leg., R.S., ch. 248, § 1, sec. 71.051, 2005 Tex. Sess. Law Serv. 448, 448–49; *Jones,* 120 S.W.3d at 44. Subsection (i) specifically states that "this section [71.051] shall govern the courts of this state in determining issues under the doctrine of forum non conveniens in the actions to which it applies. . . ." Because the underlying suit is based on wrongful death and personal injury claims, section 71.051, not the common law, controls the determination of the suit's dismissal on forum non conveniens grounds. *See* Act approved May 29, 1997, 75th Leg., R.S., ch. 424, § 1, sec. 71.051, 1997 Tex. Gen. Laws 1680, 1680–82 (amended 2003). Therefore, the trial court did not abuse its discretion in this respect.

■ Through their fourth sub-issue, appellants contend the trial court abused its discretion, as a matter of law, by allowing repeated extensions of time limits without evidence of good cause. Subsection (i) states that "any time limit established by this section may be extended . . . for good cause shown." *See* Act approved

May 29, 1997, 75th Leg., R.S., ch. 424, § 1, sec. 71.051, 1997 Tex. Gen. Laws 1680, 1680–82 (amended 2003). However, this sub-issue is inadequately briefed, and therefore, is waived. *See* Tex.R.App. P. 38.1(h) (providing that appellants' brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record). Accordingly, we overrule appellants' first issue.

 By their second issue, appellants contend that the trial court also abused its discretion in dismissing B/F, Ford, and PM under the doctrine of forum non conveniens because "it is inconceivable that it would be more convenient for anyone—other than the pretrial judge—for this case . . . to be transferred to Mexico." To support their contention, appellants maintain that (1) a large number of the witnesses reside outside of Mexico, (2) Mexico is an inadequate forum because it does not recognize a cause of action for strict products liability based on the facts of this case,[8] (3) extensive discovery had ensued and was complete, (4) enormous expense had been incurred, and (5) the case had been on file for over two years.[9] Appellees assert that the trial court properly acted within its discretion in determining that the interest of justice favored

8. We also note that in a supplemental letter brief, appellants cite to *In re: Bridgestone/Firestone, Inc., Tires Prod. Liab. Action,* 420 F.3d 702 (7th Cir.2005), in support of their proposition that no court in Mexico will accept jurisdiction over appellees in this case, even though appellees have submitted to the jurisdiction of a Mexican court. However, the case relied on by appellants does not support the proposition they advance. The federal district court in that case had dismissed the action of the non-resident plaintiffs on the basis of forum non conveniens. *Id.* at 703. While the appeal of that case was pending, the non-resident plaintiffs filed an action in the State of Morelos in Mexico. *Id.* at 705. The Mexican court dismissed the action on the basis that it lacked jurisdiction over the defendants because they were not residents of the State of Morelos. *Id.* However, the Seventh Circuit, in the opinion relied on by appellants, indicated that it had "substantial misgivings about the plaintiffs' actions" because they did not inform (1) the defendants that they had filed suit in Mexico and (2) the Mexican court that the defendants had submitted to its jurisdiction. *Id.* at 705–06. Therefore, the Seventh Circuit vacated the district court's dismissal and remanded the case so that the district court could explore the circumstances surrounding the decision of the Mexican court. *Id.* at 706–07. Thus, the opinion relied on by appellants does not reach the conclusion that a Mexican court will not accept jurisdiction over appellees when they have submitted to its jurisdiction, and appellants' reliance on it is misplaced.

9. In addition, although admitting that voluntary inclusion in multi-district litigation should not ordinarily preclude a defendant from seeking dismissal on forum non conveniens grounds, appellants assert that the facts of the instant case warrant such preclusion. However, appellants cite no authority to support this assertion; therefore, we do not consider it. *See* Tex.R.App. P. 38.1(h). Appellants also assert, in their reply brief, that choice of law is a significant factor that a trial court must consider when deciding a motion to dismiss on forum non conveniens grounds. In support of this assertion, appellants rely on *Berg v. AMF Inc.,* 29 S.W.3d 212, 218 (Tex. App.-Houston [14th Dist.] 2000, no pet.). However, appellants' reliance on *Berg* is misplaced because *Berg* involved a case that was dismissed under subsection (b), which requires the balancing of the parties' private interests and the State's public interest. *See id.* at 216–17; *see also* Act approved May 29, 1997, 75th Leg., R.S., ch. 424, § 1, sec. 71.051, 1997 Tex. Gen. Laws 1680, 1680–82 (amended 2003). The court's choice of law analysis was conducted in relation to this balancing of private and public interests. *See Berg,* 29 S.W.3d at 218–19. Because dismissal under subsection (a) does not require such balancing, *See* Act approved May 29, 1997, 75th Leg., R.S., ch. 424, § 1, sec. 71.051, 1997 Tex. Gen. Laws 1680, 1680–82 (amended 2003), we decline to apply the *Berg* analysis to this appeal.

having the suit heard in Mexico because (1) the plaintiffs were residents of Mexico, (2) one of the plaintiffs, Juan Lorenzo Gutierrez, has been unable to enter the United States due to U.S. immigration regulations, (3) the accident occurred in Mexico, (4) Mexican officials investigated the accident, (5) the witnesses to the events surrounding the accident reside in Mexico and are beyond the compulsory powers of Texas courts, (6) evidence related to the accident is located in Mexico, (7) the evidence that was produced in the trial court below can be easily transferred to Mexico for use in the proceeding there, (8) neither the vehicle nor tire in question were designed or manufactured in Texas, and (9) the courts of Mexico would provide appellants with remedies to recover for their damages. We agree with appellees.

 The standard for dismissal under subsection (a) in the instant case is not merely whether it would be more convenient for one party or another, as appellants suggest, but whether in the interest of justice the action would be more properly heard in a forum in Mexico. *See* Act approved May 29, 1997, 75th Leg., R.S., ch. 424, § 1, sec. 71.051, 1997 Tex. Gen. Laws 1680, 1680–82 (amended 2003). The interest of justice is rooted in fundamental fairness. *Baker*, 985 S.W.2d at 276–77. Based on the facts of this case, fundamental fairness encompasses the ability of a defendant to compel, through the trial court, the appearance of witnesses to the events surrounding the accident and individuals involved in the investigation of the accident. *See id.; Feltham v. Bell Helicopter Textron, Inc.*, 41 S.W.3d 384, 388 (Tex.App.-Fort Worth 2001, no pet.) (providing that "Texas state courts have no power to compel such testimony" from foreign witnesses). As to whether this case is more properly heard in a forum outside Texas, subsection (a) identifies no appar-

ent constraints on or requirements for what constitutes a forum. *Jones*, 120 S.W.3d at 47. However, the primary consideration is whether the alternate forum entitles appellants to a remedy for their losses, even if compensation for their injuries is less than what may be awarded in a Texas court. *See id.* at 47–48 (citing *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1143 (9th Cir.2001); *In re Silicone Gel Breast Implants Prods. Liab. Litig.*, 887 F.Supp. 1469, 1475 (N.D.Ala.1995); *Stonnell v. Int'l Harvester Co.*, 132 Ill.App.3d 1043, 478 N.E.2d 518, 520, 88 Ill.Dec. 203 (Ill.App.Ct.1985)). Although Mexico may not recognize a cause of action for strict products liability based on the facts of this case, appellants do not controvert evidence in the record that Mexican law provides a remedy for negligence and breach of warranty. Appellants pleaded three theories of recovery, including strict products liability, negligence, and breach of warranty, against appellees based on the same set of facts. Therefore, assuming, without determining, that Mexican law recognizes claims for negligence and breach of warranty, it entitles appellants to a remedy for their losses in the instant case. As a result, we conclude that the trial court, based on the facts of this case, could have reasonably found that, in the interest of justice, this case was more properly heard in a forum in Mexico. Thus, we cannot say the trial court abused its discretion in dismissing the remainder of the case under the doctrine of forum non conveniens. We overrule appellants' second issue.

Through their third issue, appellants contend the evidence was factually and legally insufficient to support the trial court's implied findings related to the dismissal on grounds of forum non conveniens. However, this assertion is inadequately briefed, and therefore, is waived. *See* Tex.R.App. P. 38.1(h). We overrule appellants' third issue.

## IV. Conclusion

Accordingly, we affirm the judgment of the trial court.